UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) ) ) v. ) ) JAIME MICOLTA-HURTADO ) ) | Crim. No. 05-316(ESH) |

### MOTION FOR BILL OF PARTICULARS

The defendant, Jaime Micolta-Hurtado, through undersigned counsel, hereby moves this Honorable Court for a Bill of Particulars.

In support of this motion undersigned counsel states:

1. Mr. Micolta-Hurtado is before the Court charged in a one count indictment with conspiracy to import 5 kilograms or more of cocaine and conspiracy to manufacture and distribute 5 kilograms or more of cocaine intending and knowing that it would be imported to the United States in violation of 21 U.S.C. §952, §959, §960, and §963. The one count indictment includes a subset Forfeiture Allegation pursuant to 21 U.S.C. §853 and §970.

2. The indictment charges a sixteen year conspiracy beginning on January 1990 and continuing to "the date of the filing of [the] superceding indictment". Other than alleging the statutory offense, the indictment consists of the names of nineteen (19) co-defendants and the various countries where the conspirators, presumably, carried out their trafficking activities. Beyond that the indictment does not provide any factual information supporting the sixteen year conspiracy.

3. The indictment on its own is completely devoid of any information informing Mr. Micolta-Hurtado of the specific factual charges against him that would allow him to prepare a

defense. The absence of specific information undermines Mr. Micolta-Hurtado's rights under the Fifth and Sixth Amendment of the Constitution. In the absence of any factual and specific information that delineates his criminal involvement during the period covering sixteen years, Mr. Micolta-Hurtado is being deprived of his right to due process, effective assistance of counsel and the right of confrontation. A bill of particulars is necessary to specify what acts Mr. Micolta-Hurtado is alleged to have done in the commission of the charged offense or in reference to his role in the charged conspiracy.

Pursuant to Fed. Rule Crim. Proc. 7(f), Mr. Micolta-Hurtado moves for a bill of particulars with respect to the following listed matters. These requests are specific and definite and do not seek to unduly burden the government. In further support of a Bill of Particulars, Mr. Micolta-Hurtado submits that the discovery provided thus far fails to provide any essential or even marginal information or evidence regarding his involvement in the charged conspiracy. Because the indictment fails to set forth this material, a bill or particulars is appropriate.

Specifically, Mr. Hurtado seeks:

1.  The exact time, dates and locations of every act allegedly committed by Mr. Micolta-Hurtado and every other alleged conspirator, whether indicted or unindicted, in furtherance of the alleged conspiracy and each overt act the government intends to prove at trial which are implicitly charged in the indictment.

2.  A specific description as to how the defendants and those persons "known and unknown" to the grand jury functioned as an conspiracy.

3.  The date that Mr. Micolta-Hurtado and every other alleged conspirator, whether

indicted or unindicted, joined the conspiracy alleged and at what place and what acts he did to so join.

4. The names and addresses of each witness who will prove the government's case. If this request is denied, defendant would move for a specific statement as to what each witness will allege that Mr. Micolta-Hurtado did, without naming the witness or providing the address.

5. The exact time, date and place that Mr. Micolta-Hurtado was witnessed to have possessed any of the drugs attributed to the conspiracies and/or any large sums of money.

6. The exact nature or a specific statement of facts relating to how Mr. Micolta-Hurtado possessed, distributed or possessed with the intent to distribute any of the cocaine mentioned in the indictment and the exact nature or specific statement of facts of any acts of management, leadership, direction, supervision. State with particularity who defendant allegedly supervised or directed, in what capacity, at whose instance and for what purpose.

7. That the government provide with particularity, as to each defendant, whether or not persons mentioned in the indictment were employed by the government or acting at its instance.

8. The government provide names of those persons present at conversations among and between Mr. Micolta-Hurtado and other named and unnamed co-conspirators, aiders and abetters and any other person involved in the criminal offenses charged (to include undercover DEA or other law enforcement officials and who are on audio tapes or who will testify to the sum and substance of those conversations.)

9. Identify the transactions which provide the basis for the allegation that the alleged conspiracy involved greater than 5 kilograms of cocaine powder.

### **Supporting Authorities**

A bill of particulars serves to provide a defendant with essential details of the charges against him in order that he is adequately "informed of the nature and cause of the accusation" under the Sixth Amendment and can be prepared to meet the charges and avoid surprise. Russell v. United States, 369 U.S. 749,763 (1962). The indictment must also be sufficiently specific to satisfy the Fifth Amendment guarantee against double jeopardy. "[I]t must be clear enough, when coupled with the record of the proceedings, to preclude double jeopardy, i.e., the nature of the acquittal or conviction must be sufficiently clear to bar further prosecution for the same crime." Hsu v. United States, 392 A.2d 972, 976-7 (D.C. 1978). United States v. Addonizio, 451 F.2d 49, 63-4 (3rd Cir. 1971), cert. denied, 405 U. S. 936 (1972). United States v. Pollack, 534 F.2d 964 (1976). United States v. Baker, 262 F. Supp. 657, 674 (D.D.C. 1966).

A bill of particulars should be granted where a defendant is not apprized of the "central facts which will enable him to conduct his own investigation of the transactions giving rise to the charge," United States v. Manetti, 323 F.Supp. 683,695-6 (D. Del. 1971) and where "nondisclosure until trial would result in prejudicial surprise or the preclusion of an opportunity for meaningful defense preparation..." United States v. Thevis, 474 F.Supp. 117, 123-4 (N. D. Ga. 1979).

Here, where it is alleged that there is a conspiracy that has occurred, the defendant should be provided with information about the participants in the conspiracy and the dates, places, and times of any agreements to commit the alleged acts. cf. United States v. Leach, 427 F.2d 1107 (1st Cir.1970), cert. denied, 406 U.S. 829; United States v. Holman, 490 F.Supp. 755, 762 (E. D. Pa. 1980); United States v. Orsini, 406 F.Supp. 1264, (E.D.N.Y. 1976). [1]

---

[1] Various courts have addressed requests for the information requested by the defendant:

All overt acts that will be alleged against defendant. United States v. Rogers, 617

In <u>Russell v. United States</u>, 369 U.S. 749 (1962) the Supreme Court overturned convictions for violating 24 U.S.C. §192 making it a misdemeanor for anyone summoned to testify before a Congressional Committee to refuse to answer "any question pertinent to the question under inquiry." The indictments there stated that the questions to which the answers were refused "were pertinent to the question then under inquiry" by the subcommittee, but failed to identify the subject under inquiry at the time of the alleged offense. The defendants filed motions to quash the indictments before trial, which had been denied. In reversing the convictions, the Supreme Court stated:

> To allow the prosecutor, or the court to make a subsequent guess

---

F.Supp. 1024, 1029 (D. Colo. 1985) (particularization of overt acts: "The government must reveal the substance, time, place, and date of each overt act as well as the identities of the participants in those acts.") <u>United States v. Ahmad</u>, 53 F.R.D. 194, 201 (M.D. Pa 1971); <u>United States v. Nomura Trading Co.</u>, 213 F.Supp. 704, 709 (S.D.N.Y. 1963).

Substance of conversations alleged in overt acts. <u>United States v. Manetti</u>, 323 F.Supp. 683, 697 (D. Del. 1971); <u>United States v. Rosenstein</u>, 303 F.Supp. 210, 213 (S.D.N.Y. 1969); <u>United States v. Fassoulis</u>, 49 F.R.D. 43 (S.D.N.Y. 1969).

Meetings in which defendant participated in furtherance of conspiracy; dates and places of meeting; names of persons present at meetings or conversations. <u>United States v. Ahmad</u>, 53 F.R.D. 194, 201-03 (M.D. Pa. 1971) (dates and times of meetings; names of persons present); <u>United States v. Tanner</u>, 270 F.Supp. 457, 477-78 (N.D. Ill. 1967); <u>United Stats v. Thevis</u>, 474 F.Supp. 117 (N.D. Ga. 1979); <u>United States v. Pilnick</u>, 267 F.Supp. 791, 801 (S.D.N.Y. 1967). <u>United States v. Crisona</u>, 271 F.Supp. 150, 157 (S.D.N.Y. 1967) (place and purpose of meeting).

Persons present when defendant allegedly joined the conspiracy. <u>United States v. Ahmad</u>, 53 F.R.D. 194 (M.D. Pa. 1971); <u>United States v. Thevis</u>, 474 F.Supp. 117, 126 (N.D. Ga. 1979); <u>United States v. Williams</u>, 309 F.Supp. 32, 35 (N.D. Ga. 1969).

Legal theory of the government's case against the accused. <u>United States v. Tanner</u>, 279 F.Supp. 457, 476 (N.D. Ill. 1967); <u>United States v. Thevis</u>, 474 F.Supp. 117, 126 (N.D. Ga. 1979); <u>United States v. Covelli</u>, 210 F.Supp. 589 (N.D. Ill 1966).

Method or means by which the offense was allegedly committed. <u>United States v. Tanner</u>, 279 F.Supp. 457, 476 (N.D. Ill. 1967); <u>United Stats v. Bonnano</u>, 177 F.Supp. 106, 120 (S.D.N.Y. 1959).

as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of the basic protection which the guaranty of the intervention of the grand jury was designed to secure. For a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him.

369 U. S. at 770.

The defendant should be apprised fully of the acts constituting the conspiracy so that he can prepare for trial. Since the gravamen of the charged offense is that there was an agreement, the defendant should be advised when he was said to have agreed to the acts and with whom charged. Since the grand jury is secret, the indictment is basically the record for a defendant facing charges of what the grand jury considered. The precise activity that is in question and the participation of those involved should be provided to so that there will be no confusion about any other activity that the defendant engaged in. Without the particulars specified, it will be difficult if not impossible to defend against the charged conspiracy.

**WHEREFORE,** for these reasons and any other such reasons as shall appear to the Court, the defendant request a bill of particulars as specified.

Respectfully submitted,

_____/s/_____
Carlos J. Vanegas
Assistant Federal Public Defender
625 Indiana Ave., NW
Washington, D.C. 2009

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY, that a copy of the foregoing Motion for a Bill of Particulars has been served on counsel for the government, Paul W. Laymon on this the 12th day of March by Electronic Mail to paul.laymon@usdoj.gov and by first class postal delivery to the Department of Justice, Narcotics and Dangerous Drug Section at 1400 New York Avenue, Washington, D.C. 2005

_____<br>
Carlos J. Vanegas