UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | |
| v. | ) ) | Crim. No. 05-316(ESH) |
| JAIME MICOLTA-HURTADO | ) ) ) ) | |

**DEFENDANT'S MOTION TO COMPEL DISCOVERY**

Defendant, by and through undersigned counsel, hereby moves the Court to compel production of the specific discovery set forth in the attached Discovery letter to government counsel and the requests made in the Motion for a Bill of Particulars. The information called for by each of the specific requests is discoverable under Federal Rule of Criminal Procedure 16[1].

In Support of this Motion undersigned states:

1. On May 16, 2006 Mr. Micolta-Hurtado was arrested in California pursuant to the indictment returned in this jurisdiction. A grand jury has charged Mr. Micolta-Hurtado with conspiracy to import 5 kilograms or more of cocaine and conspiracy to manufacture and distribute 5 kilograms or more of cocaine intending and knowing that it would be imported to the United States in violation of 21 U.S.C. §952, §959, §960, and §963. Soon thereafter Mr. Micolta-Hurtado

---

[1] In pertinent part, and the part that the defendant is relies in support of the Motion to Compel, FRCP 16(A)(1)(E) states: Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, date, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
    (i) the item is material to preparing the defense;
    (ii) the government intends to use the item in its case-in-chief at trial;

appeared in the Federal District for the Central District of California for a hearing pursuant to Federal Rule of Criminal Procedure 5( c) (3).

2. On June 6, 2006 Mr. Micolta-Hurtado appeared before Magistrate Judge John A. Facciola for his initial appearance. Thereafter on June 16, 2006 he appeared before this Court for a Status Conference. Since June 16, 2006 Mr. Micolta-Hurtado has appeared before the Court on July 18, 2006, September 28, 2006, and January 8, 2007 for Status Conferences. At the last Status Conference the Court granted the government's motion to exclude additional time under the Speedy Trial Act up until the June 19 2007 Status Conference.

3. Throughout the nine months that Mr. Micolta-Hurtado has been in the District of Columbia, undersigned counsel has requested discovery from Government counsel, Paul Laymon. Mr. Micolta-Hurtado is entitled to the requested materials pursuant to Federal Rule of Criminal Procedure 16. Undersigned counsel filed a Motion for a Bill of Particulars so that Mr. Micolta-Hurtado would be provided with substantive information regarding the government's allegations that he was involved in a fifteen year conspiracy of importing cocaine from Colombia to the United States.

4. The government responded to the Bill of Particulars by stating, among other things, that undersigned counsel has received "a fairly large amount of discovery" and informed that "much of [Mr. Micolta-Hurtado's] criminal conduct occurred in the Panama phase of the conspiracy, when the [Mr. Micolta-Hurtado] and the head of the trafficking organization, Pablo Rayo Montano, both lived in Panama in the late 1990's and early 2000's.

5. As an initial matter, Government counsel knows full well that the "fairly large amount of discovery" has nothing to do with Mr. Micolta-Hurtado, and certainly has nothing to do with the

"criminal conduct" that occurred in Panama. The thousands upon thousands of documents provided by the government which are contained in CD's relate to businesses enterprises, business transactions, and individuals who have no direct connection to Mr. Micolta-Hurtado. Being told that the criminal conduct occurred in Panama does not satisfy Federal Rule of Criminal Procedure 16. Moreover, it is inconceivable that the government was able to secure an indictment that charged a conspiracy taking place in four countries over a fifteen year period by informing the grand jury that Mr. Micolta-Hurtado's criminal conduct took place when he was in Panama during the early 1990's and early 2000.

6.      On July 19, 2006 the Government filed its first Motion to Exclude Time under the Speedy Trial Act. Of the many reasons offered in support of the request was the time needed to "[o]btain evidence of the charged offense in Brazil, Colombia, Ecuador, and Panama. [and that the] Available evidence includes travel records, bank records, tax records, phone records, and real estate records." Gov. Mt. at 7. As of the filing of this motion the government has yet to disclose to Mr. Micolta-Hurtado a single piece of evidence that was supposedly located in one of the four South American Countries.

7.      Accordingly, Mr. Micolta-Hurtado is in the untenable position of not having received a single document of <u>any</u> evidentiary and/or material value regarding how and why a grand jury voted to indict him. Compounding Mr. Micolta-Hurtado's bewilderment and exasperation is hearing in open court the government successfully request to delay the setting of a trial date because of evidence linking him to charge offenses are to be retrieved from Ecuador, Colombia, Brazil and Panama. Presumably, since he has been informed that the majority of his "criminal conduct" occurred in Panama it follows that by now the government should have obtained the "[t]ravel

records, bank records, tax records, phone records, and real estate records." However, that is far form the case.

8.      Since the government has for nine months failed to provide rule 16 discoverable materials that support the allegations in the indictment and appears content to keep Mr. Micolta-Hurtado in the dark regarding the allegations, Mr. Micolta-Hurtado is obligated to file his Motion to Compel Discovery.

Wherefore, defendant, Jaime Micolta-Hurtado, moves the Court to order the Government to disclose and/or provide the request documentary evidence set forth in the discovery letter and the requests made in the Motion for A Bill of Particulars.

Respectfully submitted,

A.J. Kramer
Federal Public Defender


_____/s/_____
Carlos J. Vanegas
Assistant Federal Public Defender
625 Indiana Ave., N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500