**FEDERAL PUBLIC DEFENDER**
DISTRICT OF COLUMBIA
SUITE 550
625 INDIANA AVENUE, N.W.
WASHINGTON, D.C. 20004

**A. J. KRAMER**
*Federal Public Defender*

**CARLOS J. VANEGAS**
*Assistant Federal Public Defender*

TELEPHONE (202) 208-7500
F A X  ( 2 0 2 )  2 0 8 - 7 5 1 5

April 4, 2007

Paul Laymon
United States Department of Justice
The Bond Building
1400 New York Ave.
Washington, D.C.

                RE:    United States v. Jaime Micolta-Hurtado,
                            Crim. No. 06-316 (ESH)

Dear Mr. Laymon:

    I am writing this letter to request discovery in reference to the above-captioned case. This request is made pursuant to Federal Rule of Criminal Procedure 16, the Fifth and Sixth Amendments to the United States Constitution and Brady v. Maryland (and its progeny). I would like to have the discovery in a timely manner so that I may review the materials with Mr. Micolta-Hurtado well in advance of the next Status Conference Hearing before Judge Huvelle.

    Specifically, my request for discovery includes, but is not limited to, the following:

(1)    Any written or oral statements made by Mr. Jaime Micolta-Hurtado within the possession, control, or custody of the government, the existence of which is known, or by the exercise of due diligence may become known, to the government. This includes, but is not limited to, the following:

    (a)    that portion of any written record (including, but not limited to, government notes) containing the substance of any oral statement made by Mr. Jaime Micolta-Hurtado in response to interrogation by any person known to Mr. Jaime Micolta-Hurtado to be a government agent;

    (b)    all recorded grand jury testimony of Mr. Jaime Micolta-Hurtado, if any, which relates to the offenses charged;

    (c)    the substance of any oral statement made by Mr. Jaime Micolta-Hurtado to

1

the government. If such a statement exists or is found to exist, I hereby request that you cause it to be reduced to writing and produced.

(2) In order to facilitate preparation of pretrial motions and pursuant to Fed. R. Crim. P. 12(d)(2), prompt notice of discoverable evidence the government intends to use at trial.

(3) Any and all documents and tangible objects discoverable under Rule 16(a)(1)©, including, but not limited to, the following:

  (a) any items the government intends to use as evidence in its case-in-chief at trial;

  (b) any items obtained from, or that belong to, Mr. Jaime Micolta-Hurtado (together with a description of where each item was found or obtained);

  © An inventory of all evidence seized as a result of any search, either warrantless or with a warrant, in this case;

  (d) any items that are material to the preparation of a defense (including, but not limited to, documents and tangible objects relevant to any "other crimes, wrongs, or act" evidence which the government intends to use at trial under Fed. R. Evid. 404(b)). For purposes of this letter, all documents and objects which have been obtained or confiscated by the government from outside sources during the investigation of this case are deemed to be material to the preparation of the defense and therefore producible. Please provide notice of any decision not to produce requested materials, so that a judicial decision as to production may, if warranted, be sought.

(4) Production of all documents, statements, agents' reports, e-mails and tangible evidence (1) favorable to Mr. Jaime Micolta-Hurtado on the issue of guilt, (2) which would be favorable at the time of sentencing, or (3) which negatively affects the credibility of the government's case. This evidence must be produced pursuant to Brady v. Maryland and United States v. Agurs, 427 U.S. 97 (1976). Moreover, the government is obliged to investigate whether anyone acting on behalf of the government, including the police, either possesses or knows of such evidence. Kyles v. Whitley, 115 S.Ct. 1555 (1994). Should you have any question regarding whether certain information constitutes Brady material, I request that you seek an in camera determination as to whether it should be produced, and that I be provided notice that an in camera presentation will be made.

(5) All arrest reports, investigator's notes, memos and e-mails from arresting officers, sworn statements, lab notes and prosecution reports pertaining to Mr. Jaime Micolta-Hurtado's case. These reports are available under Fed. R. Crim. P.

2

16(a)(1)(B) and ©; and Fed. R. Crim. P. 26.2 and 12(I).

(6) A copy of <u>all</u> photographs, videos, audio recordings, or any other type of recordings taken in connection to this case. If no photographs or recordings exist, I would like to know this as well.

(7) All information and documents relating to any attempts to fingerprint any of the physical evidence in this case. Specifically, I want to know the identification of the crime technician; which objects the technician attempted to fingerprint; the methods which the technician utilized to attempt to lift prints; and the results of those efforts. I am specifically requesting copies of any lift cards even if the police determined that the prints were not useable. If no effort was made to fingerprint any of the evidence, I would like to know that as well.

(8) Notice of the nature of any "other crimes, wrongs, or acts" evidence ("other offense evidence") that the government intends to use at trial in its case-in-chief or in rebuttal, together with any documents or tangible objects that the government intends to introduce in evidence in connection with such other offense evidence; any documents material to the preparation of the defense in opposition to such other offense evidence; and any written or oral statement made by the Mr. Jaime Micolta-Hurtado relating to such other offense evidence. For purposes of this paragraph, the term "statements" shall be construed to the broadest extent permitted by the Federal Rules of Criminal Procedure.

(9) Any and all information regarding any prior criminal record of Mr. Jaime Micolta-Hurtado. This request includes, but is not limited to, all matters known or reasonably discoverable by the government which may affect Mr. Jaime Micolta-Hurtado's criminal history score under the United States Sentencing Guidelines, and, more specifically, includes, but is not limited to, a request for a "copy of [Mr. Jaime Micolta-Hurtado's] prior criminal record." Fed. R. Crim. P. 16(a)(1)(B); <u>United States v. Trejo-Zambrano</u>, 582 F.2d 460, 465 (9th Cir. 1978) ("prosecutor ordinarily discharges his duty under Rule 16(a)(1)(B) by supplying the accused with a copy of his F.B.I. rap sheet"). Please indicate whether the government has exercised the due diligence required by Rule 16 in addition to any reliance that the government may have placed upon efforts made by the Pretrial Services Agency.

(10) The identity of any and all confidential informants who were percipient witnesses to the charges in this case. <u>Rovario v. U.S.</u> 353 U.S. 53 (1957).

(11) Any information known or reasonably discoverable by the government which might bear unfavorably upon the credibility of any witness whom the government may call to testify at trial. <u>Giglio v. United States</u>, 405 U.S. 150 (1972); <u>see also</u> <u>United States v. Shaffer</u>, 789 F.2d 682 (9th Cir. 1986). Such information includes, but is not limited to, the following:

    (a) all promises, direct or implied, of consideration, benefit, or leniency given

3

        to the witness in this and other cases;

(b)    witness' prior criminal record, including pending cases;

(c)    any other evidence that any prospective government witness has engaged in any criminal act or engaged in any conduct suggesting that the witness is untruthful, whether or not resulting in a conviction. See F.R.E. Rule 608(b) and Brady.

(d)    any known instance of the witness having made a false statement while under oath or otherwise;

(e)    any information regarding the length and/or extent of witness' addiction to or use of narcotic and/or other drugs;

(f)    the name and address of any person(s) known to the government to whom the witness has made statements relating to the subjects of the instant matter, which statements were inconsistent with statements made by the witness to law enforcement officers;

(g)    any information relating to the witness' falsification of tax incormation or knowing participation, whether before or after the fact, in fraudulent tax practices;

(h)    any other evidence that any prospective government witness is biased or prejudiced against Mr. Jaime Micolta-Hurtado or has a motive to falsify or distort his/her testimony. See Pennsylvania v. Ritchie, 480 U.S. 39 (1987); United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988); and

(12)    Any and all information that any officer involved in this matter is the subject or target of an internal MPD investigation, or a subject or target of any government investigation, including but not limited to the U.S. Attorney's Office, the Department of Justice or any other investigative or prosecutorial authority and/or agency.

(13)    Production of any and all reports of any examinations or tests, is requested pursuant to Rule 16(a)(1)(D). In addition, it is requested that the government disclose a written summary of testimony the government intends to use under FRE 702, 703, or 705. As required by Rule 16(a)(1)(E), the summaries must describe the witnesses' opinions, the bases and the reasons therefore, and the witnesses' qualifications. See Fed.R.Crim.P. 16(a)(1)(E).

In order to adequately prepare for any motions hearing and for trial, I would appreciate it if you could produce this information as soon as possible. Please notify me if special arrangements are necessary. I also request that no material subject to discovery under Fed. R.

4

Crim. P. 16 be forwarded to the Court in this case except under seal unless the Court orders otherwise.

Pursuant to Fed. R. Crim. P. 16©, the above requests are of a continuing nature. I expect that you will forward such information to me as it becomes available to the government. I would appreciate your assistance in ensuring that discoverable material is made available as early as possible so as to avoid any unnecessary inconvenience to the Court in dealing with last-minute motions or delays relating to trial and preparation for trial.

**Requests made in response to the July 19, 2006 Government Motion to Exclude Time Under the Speedy Trial Act.**

I'm requesting any and all documents that you represented are to be found in Brazil, Colombia, Ecuador and Panama. In your motion to exclude time under the Speedy Trial Act you indicated that there was reason to believe that the documents to be found in these countries included the following; "travel records, bank records, tax records, phone records, and real estate records." As of the filing of this letter and the accompanying Motion I have not received a single document regarding the above "records".

Finally, I request that all government agents be directed to preserve all of their rough notes and other documents or objects that may be material to this case.

Please do not hesitate to contact me if you would like to discuss any of the above requests.

Sincerely,

Carlos J. Vanegas
Assistant Federal Public Defender