UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No. 05-316(ESH) |
| ) | |
| JAIME MICOLTA-HURTADO ) | |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION TO
EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

Defendant, Jaime Micolta-Hurtado, through undersigned counsel, hereby submits his Opposition to the Governments Third request for a waiver under the Speedy Trial Act.

In support of his Opposition undersigned counsel states:

1.      Mr. Micolta-Hurtado is before the Court charged in a one count indictment with conspiracy to import 5 kilograms or more of cocaine and conspiracy to manufacture and distribute 5 kilograms or more of cocaine intending and knowing that it would be imported to the United States in violation of 21 U.S.C. §952, §959, §960, and §963.

2.      The indictment charges a sixteen year conspiracy beginning on January 1990 and continuing to "the date of the filing of [the] superceding indictment." The indictment was filed on February 22, 2006. Mr. Micolta-Hurtado is one of twenty co-defendants charged in the indictment. However, unlike any of his co-defendants Mr. Micolta-Hurtado has been detained in this jurisdiction since he appeared in this Courthouse for his initial appearance on June 6, 2006.

3.      Recently, co-defendant Sara Maritza Rayo was arraigned in this Courthouse on March 30, 2007. Mr. Micolta-Hurtado and Ms. Rayo are scheduled to appear before the Court

for a Status Conference on June 19, 2007. When he appears before the Court on June 19, 2007, Mr. Micolta-Hurtado will have been in federal custody for more than thirteen months.

4. Since he appeared before Magistrate Judge Facciola for his initial appearance and arraignment Mr. Micolta-Hurtado has consistently asserted his right to a Speedy Trial pursuant to the Sixth Amendment of the Constitution. On July 19, 2006 the Government filed the first Motion to Exclude Time under the Speedy Trial Act. Among, the reasons for the request to exclude time and to delay Mr. Micolta-Hurtado's speedy public trial was to "[o]btain evidence of the charged offense in Brazil, Colombia, Ecuador, and Panama." This alleged evidence consisted of "travel records, bank records, tax records, phone records, and real estate records." Gov. Mt. at 7. However, as of the filing of this motion the government has yet to disclose a single piece of evidence that was supposedly located in one of the four Latin American Countries.

5. While Mr. Micolta-Hurtado has been waiting for disclosure of the Brazilian, Colombian, Ecuadorian, and Panamanian evidence, the Government in their latest Motion to Exclude Time submit that "a judicialized wire tap in Brazil intercepted more than one hundred trafficking related telephone calls between Sara Maritza Rayo and Pablo Rayo Montano." Gov. Motion at 2. If in fact more than one hundred intercepted calls exist it is inexcusable that those calls have not been disclosed to Mr. Micolta-Hurtado. This is certainly the case in view of the government's disclosure of thousands of pages of documents that are completely irrelevant to the charged offense that Mr. Micolta-Hurtado was a central participant in the sixteen year conspiracy. It is equally inexcusable in light of their position opposing Mr. Micolta-Hurtado's

Motion for a Bill of Particulars[1].

6.     The government claims that because Ms. Maritza Rayo was recently extradited "it is expected that the other defendants from Colombia will start arriving over the next several months." However, the government provides no basis to support its belief that in the next several months additional defendants will be extradited from Colombia. As such the government's motion is replete with hope, deficient on concrete estimates and completely nonchalant when it comes to Mr. Micolta-Hurtado's right to a Speedy Public Trial.

7.     The government's approach to exclude time from the Speedy Trial Act will become a familiar theme given that sixteen co-defendants are in various jurisdictions in the United States, Colombia, Brazil and Panama.[2] However, there is no indication, nor can the government predict, if there is ever going to be a transfer or extradition of more than a single defendant at a time. The Court is well aware that the extradition proceedings have consistently taken more time then the government predicts. It follows that each time a co-defendant is brought to this jurisdiction the government will once again ask for additional time to wait for the next defendant to appear.

8.     Mr. Micolta-Hurtado is cognizant that a trial to accommodate a single defendant may very well tax the Court's resources. However, a future trial for the co-defendants will not

---

[1]     At this stage in the proceedings the government's failure to disclose and make available copies of those hundreds of calls to Mr. Micolta-Hurtado is a clear violation of Federal Rule of Criminal Procedure 16.

[2]     Co-defendants Victor Serna Rayo (Def. No. 10) and Jose Eduardo Arango (Def. No. 11) and have opted to resolved their criminal case in the Southern District of Florida pursuant to Federal Rule of Criminal Procedure 20. That leaves a total of sixteen co-defendants who have to be extradited to the District of Columbia.

have to be scheduled for a significant period of time given the ponderous nature of the extradition proceedings and the practical requirements of providing sufficient time for appointed counsel to become familiar with the case.

9. In their opposition to Mr. Micolta-Hurtado's Bill of Particulars the government argued that the indictment adequately apprises Mr. Micolta-Hurtado of the charge against him along with the time frame and locations of the conspiracy. In essence that Government is informing Mr. Micolta-Hurtado to not expect any additional discovery beyond the thousands of pages of irrelevant documents. If that is the case the government's continuing claim that the case is complex and presents novel questions of law is completely without any merit.

10. Thus far, the government is still unable to provide a firm date of when it expects the arrival of the co-defendants who are fighting extradition in Colombia and Brazil. Even assuming that the co-defendants are extradited in the near future, their appointed lawyers will need a significant amount of time to go through the recently acknowledged hundreds of recorded phone calls. Accordingly, the prognosis for when Mr. Micolta-Hurtado will have his day in court can be reasonably estimated to be sometime in the summer of 2008. A trial in the summer of 2008 is unreasonable given Mr. Micolta-Hurtado's initial appearance in June 2006 and his unwavering affirmation of his constitutional right to a Speedy and Public trial.

11. Accordingly, for the above stated reasons and the legal arguments advanced, the Court should deny the government's request to exclude time under the Speedy Trial Act and to deny their request to further dely Mr. Micolta-Hurtado's right to a Speedy and Public Trial.

**ARGUMENT**

The Sixth Amendment guarantees that, [i]n all criminal prosecutions, the accused shall enjoy the right to a speedy trial" <u>Doggett v. U.S.</u>, 505 U.S. 647 (1992) The right to a speedy public trial is statutorily reinforced in 18 U.S.C. § 3161(c)(1).  The Speedy Trial Act provides in relevant part that in any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. ... 18 U.S.C. § 3161(c)(1).

In <u>Barker v. Wingo</u>, 407 U.S. 514 (1972) the United States Supreme Court held that in determining whether an accused will be deprived of his Sixth Amendment right to a Speedy Trial, the Court should consider the following four factors; (1) the length of the delay; (2) the reason for the delay; (3) whether the defendant has asserted his right; and (4) prejudice to the defendant from the delay.  Mr. Micolta-Hurtado satisfies the four <u>Barker</u> criteria and the circumstances of his case support the proposition that another exclusion of time under the Speedy Trial and effectively delay his trial will amount to a deprivation of his Sixth Amendment right to a Speedy Public Trial.

At this point the government has already benefitted from a six month exclusion of the Speedy Trial Act that they requested and granted over Mr. Micolta-Hurtado's objection.  The government's request for excluding additional time under the Speedy Trial Act is based on the

exact same arguments that were advanced in their July 19, 2006 pleading[3].  The recycled arguments are without merit and seek to continue to undermined Mr. Micolta-Hurtado's fundamental Sixth Amendment right to a Speedy Public Trial.  Among, the recycled arguments is that the case "[i]s so unusual or complex, due to the number of defendants, nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pre-trial proceedings or for trial itself." Gov. Mt at 3 Paragraph 6.

Beyond the number of defendants this basis is completely unacceptable.  As previously stated the lack of any discovery or documentary or wiretap evidence of any material value has yet to be disclosed.  Nine months into the prosecution of Mr. Micolta-Hurtado, the government has yet to disclose any evidence that ties him to the alleged sixteen year conspiracy.  Accordingly, at this point the government cannot point to any novel question of fact or law or that the evidence requires additional time for adequate preparation for pre-trial proceedings or for trial itself.  The government further avers that time can be waived because they have made an "official request" to a foreign country.  The "official request" is for evidence that relates to the charged offense and that such evidence is found in the foreign country.  This same argument, was made in paragraph 6 in the nearly identical motion filed on July 27, 2006.

Compelled to sound a like a broken record, Mr. Micolta-Hurtado submits that he is still

---

[3] In fact with the exception of minor modifications in paragraph 11, the Government has essentially advanced, almost verbatim, the same legal arguments in their April 10, 2007 Motion. Noteworthy is the inherent indifference to their due diligence or failure to report on the result of their efforts and/or "official request" to obtain evidence from Brazil, Colombia, Ecuador, and Panama. Remarkably, the government is comfortable in informing the Court and Mr. Micolta-Hurtado that his right to a Speedy Trial should be tolled because there is evidence in other countries and at some point they will receive the evidence. Equally remarkable is the government's request to exclude more time in light of their response to Mr. Micolta-Hurtado's Motion for a Bill of Particulars.

waiting for the evidence that was supposed to have been located in Brazil, Colombia, Ecuador and Panama.  Presumably, the government made the "official request" either immediately before or after filing its July 27, 2006 Motion to Exclude Time when it emphasized that material evidence was located in the aforementioned countries.  Noteworthy is the fact of a collateral case in the Southern District of Florida which is part and parcel of the same conspiracy and shares ten of the defendants charged in this jurisdiction.  It is fair to assume that the Florida prosecutors have some evidence that could have been made available to Mr. Micolta-Hurtado's prosecutors.  At least a request from fellow Department of Justice prosecutors would not have required an "official request".

  The government goes further in advancing a novel approach to keep Mr. Micotla-Hurtado in infinite legal limbo with the theory that any delay caused by "by one defendant is excludable" as to Mr. Micolta-Hurtado.  Essentially, the government is arguing that each defendant who is not extradited or brought before the Court is to be faulted for causing "a delay" and that the "delay" is an independent basis for excluding time from the Speedy Trial Act.  The government's position is untenable in light of the fact that of the remaining sixteen defendants charged in the indictment only two are before the Court.  The practical application of the government's approach is the complete evisceration of Mr. Micolta-Hurtado's right to have his trial within "70 days" of his initial appearance in Federal Court.

  The record is clear that counsel for Mr. Micolta-Hurtado has consistently re-affirmed his right to a Speedy Public Trial and his desire to proceed to trial expeditiously. Mr. Micolta-Hurtado's prejudice in having his trial continue and further delay is substantial.  He doesn't know a single person in this area, he had never been incarcerated for any criminal activity in his native

country of Colombia or Panama, where he allegedly committed the majority of his drug trafficking activity. Clearly, Mr. Micolta-Hurtado has identified actual prejudice while the government's efforts in bringing the co-defendants to the District of Columbia for prosecution has been less than the required reasonable diligence Doggett v. United States 505 U.S. 647, 656 (1992)

   Mr. Micolta-Hurtado's prejudice is real and substantial and his "[r]ight to a speedy trial is not a theoretical or abstract right but one rooted in hard reality in the need to have charges [against him] promptly exposed Dickey v. Florida 398 U.S. 30, 37 (1970) The Supreme Court reaffirmed this principle in writing that;

   [T]he speedy trial guarantee is designed to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges U.S. v. MacDonald 456 U.S. 1, 8 (1982)

   The government's request for an additional waiver effectively undermines the purpose of the Speedy Trial Act which "[i]s not only to protect a defendant's constitutional right to a speedy trial, but also to serve the public interest in bringing prompt criminal proceedings." United States v. Saltzman, 984 F.2d 1087, 1090 (10th Cir.1993) (citing United States v. Noone, 913 F.2d 20, 28 (1st Cir.1990)).

   The government points out that Section 3161(h)(8)(A) of the Act allows the court to exclude a period of delay from the Speedy Trial Act calculation if the Court finds, "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Section 3161(h)(8)(B) sets forth the factors, among others, that the Court may

consider when determining whether to exclude time pursuant to Section 3161(h)(8)(A). One factor is "[w]hether the failure to grant a continuance in the proceeding would ...result in a miscarriage of justice." Subsection 3161(h)(8)(B)(I).

Granting the government's request for an additional exclusion of Mr. Micolta-Hurtado's right to a Speedy and Public Trial do not outweigh the best interest of the public and Mr. Micolta-Hurtado's right to proceed to trial. Proceeding to trial would not result in a miscarriage of justice. On the contrary, the government will have the opportunity to prosecute before a jury a person whom they believe was a central figure in committing a conspiracy against the United States that spanned sixteen years.

For these reasons, Mr. Micolta-Hurtado respectfully moves the Court to Deny the Government's Request to Exclude Time under the Speedy Trial Act.

Respectfully submitted,

_____/s/_____
Carlos J. Vanegas
Assistant Federal Public Defender
625 Indiana Ave., NW
Washington, D.C. 2009