UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | |
| v. | ) | Crim. No. 05-316(ESH) |
| JAIME MICOLTA-HURTADO | ) ) ) ) | |

**DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S MOTION TO
EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

Defendant, Jaime Micolta-Hurtado, through undersigned counsel, submits his Opposition to the Governments Supplemental Motion to Exclude Time under the Speedy Trial Act.

In support of his Opposition undersigned counsel states:

1. Mr. Micolta-Hurtado is before the Court charged in a one count indictment with conspiracy to import 5 kilograms or more of cocaine and conspiracy to manufacture and distribute 5 kilograms or more of cocaine intending and knowing that it would be imported to the United States in violation of 21 U.S.C. §952, §959, §960, and §963.

2. The indictment charges a sixteen year conspiracy beginning on January 1990 and continuing to "the date of the filing of [the] superceding indictment." The indictment was filed on February 22, 2006. Mr. Micolta-Hurtado is one of twenty co-defendants charged in the indictment. Mr. Micolta-Hurtado was the first defendant who was detained pursuant to the charging document. Mr. Micolta-Hurtado was located and arrested in California and transferred to this jurisdiction for his initial appearance on June 6, 2006.

3. Since Mr. Micolta-Hurtado was last before the Court, additional co-defendants

1

have been arraigned before the Court.  Currently, four out of a total of twenty defendants are in the District of Columbia.  Twelve defendants are either unlikely to be extradited, are fugitives, or have resolved their matters in the District Court for the Southern District of Florida. See Gov. Mt. at 4.  Accordingly, that leaves four Colombian citizens who have been approved for extradition.  The government believes that they are "expected to arrive soon from Colombia. " Id.

4. The government's request is based on their desire to join the four Colombians, Mr. Gil, Ms. Sanchez, Mr. Sandoval, and Mr. Gomez, with the four defendants who have appeared before the Court.  The government's second rational for exclusion of time is based on the view that the additional tolling "is in the best interest of justice" and outweighs the interest of the public and of Mr. Micolta-Hurtado's in having his matter proceed to trial.

5. When he appears before the Court on June 19, 2007, Mr. Micolta-Hurtado will have been in federal custody for more than fifteen months.  During this time Mr. Micolta-Hurtado has been waiting for the arrival of the co-defendants and for discovery that was to be found in Brazil, Colombia, Ecuador, and Panama. Based on the government's response to Mr. Micolta-Hurtado's Bill of Particulars and to the Motion to Compel Discovery, the government's evidence consists of no more than five recorded conversations, minimal documentary evidence and two individuals identified as a "legal person" and "MB".

6. Given the limited evidence against Mr. Micolta-Hurtado, the government could present their case against him within a very short time frame.  Mr. Micolta-Hurtado does not need additional time to prepare for trial.  Certainly, he should not have to wait until early 2008 to have his day in court.  In light of the evidence against him and the service of fifteen months of incarceration, the government's request is not in the best interest of justice and do not outweigh

Mr. Micolta-Hurtado's interest in having his trial within the statutory time frame.

7.     Accordingly, for the above stated reasons the Court should deny the government's request to exclude time under the Speedy Trial Act and to deny their request to further dely Mr. Micolta-Hurtado's right to a Speedy and Public Trial.

For these reasons, Mr. Micolta-Hurtado respectfully moves the Court to Deny the Government's Request to Exclude Time under the Speedy Trial Act.

Respectfully submitted,


_____/s/_____
Carlos J. Vanegas
Assistant Federal Public Defender
625 Indiana Ave., NW
Washington, D.C. 2009