UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

DEC 0 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Criminal No. 05-316-4 (ESH) |
| JAIME MICOLTA-HURTADO, | ) ) ) | |
| Defendant. | ) ) | |

## ORDER

Before the Court is defendant Jaime Micolta Hurtado's motion to dismiss the indictment "due to hearsay evidence." (Def.'s Mot. at 1.) Defendant seems to argue that the grand jury must consider only "first hand information," and therefore that the indictment against him should be dismissed because it was based "solely on hearsay." This argument, however, is contrary to Supreme Court precedent. *See Costello v. United States*, 350 U.S. 359, 364 (1956) (declining to enforce the hearsay rule in grand jury proceedings, because to do so "would run counter to the whole history of the grand jury institution, in which laymen conduct their inquiries unfettered by technical rules"); *see also United States v. Williams*, 504 U.S. 36, 50 (1992) ("Over the years, we have received many requests to exercise supervision over the grand jury's evidence-taking process, but we have refused them all . . . ."). To the extent that defendant argues that the search warrant for his vehicle was invalid because it was based on hearsay, that argument is also unavailing. *See, e.g., Illinois v. Gates*, 462 U.S. 213, 230-31 (1983) (recognizing that a search warrant can be based on hearsay evidence where the "totality-of-the-circumstances" demonstrates

probable cause).

Accordingly, defendant's motion to dismiss the indictment must be **DENIED.**

**SO ORDERED.**

                                  /s/ Ellen S Huvelle
                                ELLEN SEGAL HUVELLE
                                United States District Judge

Dated: December 3, 2007