# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA    :

                        :

v.                     :    **Crim. No. 05-316 (ESH)**

                        :

JAIME MICOLTA-HURTADO  :

**FILED**

DEC 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Your Honor:

Here comes the defendant, in proper person respectfully moves this honorable court to dismiss the indictment due to hearsay evidence.  The Government may seek for search and seizure warrants if there is a probable cause see, U.S. v. Murpy, 261 F.3d 741, 744 (8th Cir. 2001) probable cause to seize wallet when officer saw license in wallet of suspect denied having identification.

Jaime Micolta Hurtado was arrested in Los Angeles, California on May 16, 2007.

The Government search and seizure of defendant truck Ford F-350 Pickup.  Florida License plate X55KQS based on hearsay evidence violated that part of Fifth Amendment providing that "no  person shall be held to answer for a capital or otherwise infamous crime unless on a grand jury investigation" that the victim was the first hand information, see Mcnabb v. United Sates, 318 U.S. 332, 340 341, 63 S. ct. 608, 612-613, 87 L. ED 819, that if the Fifth Amendment does not invalidate an indictment base solely on hearsay we should now lay down such a rule for the guidance of federal courts.  The defendant

1

Jaime Micolta Hurtado had never been before grand jury to testify before arrest warrants or seizure warrants in this case.

Another ground to remove Jaime Micolta Hurtado out from criminal No. 05-316, the defendant has the right to be secure in his apartment papers automobiles and effects, against unreasonable search and seizure of pickup truck. No warrants shall issue, but upon probable cause supported by oath and particularly describing the place to be search, and the person or things to be seized.

The Government violated the arrest warrant by seizing defendant's pickup truck model black Ford 350 and not mentioned in inventory list. If the executing officers exceed the scope of search and arrest warrant the seize evidence must be suppress and the entire case must be thrown away, see U.S. v. Fullillo, 808 F. 2d 173, 177-78 (1st Cir. 1987) evidence suppress because executing offices exceed scope of already over broad warrant.

**WHEREFORE,** title 21 U.S.C. § 853 (p) intend to seek forfeiture of property if there is evidence not solely based on hearsay. The defendant is now praying for relief of charges and removal his name from the indictment.

Sincerely,

ENCLOSURES:
2) LETTER TO MR. VANEGAS
b) LETTER TO MR. A. J KEANEE

Jaime Micolta Hurtado

DC # 310621

SHAME'KA C. BIVENS
NOTARY PUBLIC DISTRICT OF COLUMBIA    11/6/07
My Commission Expires June 30, 2011

2