## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Criminal No. 05-316 (ESH)** |
| ) | |
| **JAIME MICOLTA HURTADO,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISCLOSE IDENTITIES OF CONFIDENTIAL INFORMANTS AND WITNESSES REGARDLESS OF WHETHER THEY WILL BE CALLED AT TRIAL

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes defendant Jaime Micolta Hurtado's motion for disclosure of the identities of the government's confidential informants and witnesses, regardless of whether the government intends to call them at trial. In support of its opposition, the United States relies on the following points and authorities and any other such points and authorities as may be raised at any hearing on this matter.

## BACKGROUND

On February 22, 2006, defendant, along with nineteen others, was charged in a superseding indictment with conspiring to import five or more kilograms of cocaine into the United States and the manufacture and distribution of five or more kilograms of cocaine, intending that such substance would be imported into the United States, in violation of Title 21, United States Code, Sections 952, 959, 960 and 963. As evidence in this case, from in or about January 1990, and continuing thereafter up to and including the date of the superseding indictment, the defendants conspired to import tons

of cocaine into the United States, and conspired to manufacture and distribute tons of cocaine, from the Republic of Colombia and elsewhere, intending and knowing that the cocaine would be unlawfully imported into the United States. To accomplish their scheme, the defendants acquired large quantities of cocaine from sources in Colombia, and transported the cocaine via ocean-going vessels to the coast of Mexico, where it was off-loaded into other boats and eventually smuggled into the United States. Witness statements, drug seizures, and judicially-authorized telephone intercepts in Brazil, Colombia, and the United States confirm that the defendants named in the pending superseding indictment were integral members of this conspiracy to smuggle cocaine into the United States.

On February 14, 2008, defendant filed his motion to disclose the identities of each of the government's confidential informants and witnesses, regardless of whether they will be called upon to testify at trial. Defendant's motion essentially amounts to a request for two categories of material: (1) the disclosure of the identities of confidential informants and other witnesses whom the government does not intend to call to testify at trial, and (2) the early disclosure of the identities of witnesses whom the government does intend to call as at trial. Regarding the first category of material, the defendant has failed to meet his burden of demonstrating how the confidential informants and other non-testifying witnesses who merely provided intelligence to law enforcement during the investigation are necessary and material to his defense, nor can he do so. Therefore, he cannot overcome the government's privilege of withholding the identities of its informants and, consequently, his request should be summarily denied. Similarly, the defendant's request for early disclosure of the government's witnesses should be denied because the law neither mandates early disclosure of this information, and there are legitimate safety concerns in this case which militate

against it.

## ARGUMENT

1.    The Defendant Is Not Entitled to the Identities of Non-Testifying Confidential Informants Who Merely Provided Intelligence to Law Enforcement.

In Roviaro v. United States, 353 U.S. 53 (1957), the Supreme Court recognized the government's "privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." Roviaro, 353 U.S. at 59. "The government enjoys a qualified though time-honored privilege to withhold the identity of its informants from criminal defendants." United States v. Edelin, 128 F. Supp.2d 23, 33 (D. D.C. 2001) (quoting United States v. Brodie, 871 F.2d 125, 128 (D.C. Cir. 1989); internal quotation marks omitted). However, "the determination whether to disclose the identity of a confidential police informant requires the District Court to balance 'the public interest in protecting the flow of information against the individual's right to prepare his defense.'" United States v. Warren, 42 F.3d at 647, 654 (D.C. Cir. 2001) (quoting Roviaro, 353 U.S. at 62).

Moreover, this Circuit has long held "'that Roviaro does not require disclosure of an informant who was not an actual participant in or a witness to the offense charged.'" Id. (quoting United States v. Skeens, 449 F.2d 1066, 1071 (D.C. Cir. 1971); emphasis added). Accordingly, defendants seeking disclosure of an informant's identity "bear a 'heavy burden' in establishing that disclosure is warranted." United States v. Mangum, 100 F.3d 164, 172 (D.C. Cir. 1996) (quoting Warren, 42 F.3d at 654). Further, "[m]ere speculation that the informer might possibly be of some assistance is not sufficient to meet this burden." Id. at 172 (citing Skeens, 449 F.2d at 1070). Instead, "[i]n order to overcome the public interest in the protection of the informer, the defendant is obligated to show that the informer was an actual participant in or a witness to the offense charged,

whose identity is necessary to the defense." Id. (citing Skeens, 449 F.2d at 1070, 1071; internal quotation marks omitted).

In his motion, defendant contends that there were confidential informants and other witnesses who provided law enforcement with "an important source of information" which resulted in the indictment of this case. Defendant's Motion, at 1. Defendant further contends that these witnesses provided such information only "after they were either charged or told that they would be indicted unless they agreed to cooperate." Id. Consequently, defendant argues, disclosure of the identities of these informants "[is] necessary to the defense in order to investigate bias, motives to fabricate and to cast doubt upon the credibility of certain witnesses." Id. at 1-2. However, despite defendant's bold assertion that finding out the identities of the confidential informants and other witnesses who provided intelligence to law enforcement is necessary to his defense, he fails to state with any specificity how the disclosure of the informants' identities is actually necessary to his defense, nor can he. To the contrary, there is simply nothing here to suggest that the confidential informants in this case were either actual participants in or witnesses to the offense charged, which the law requires. See Mangum, 100 F.3d at 172; Skeens, 449 F.2d at 1070. Instead, it is very clear that defendant's request is based upon "mere speculation that the inform[ants] might possibly be of some assistance" to his defense. Mangum, 100 F.3d at 172 (emphasis added); Warren, 42 F.3d at 6 Edelin, 128 F. Supp.2d at 33-35. However, as stated above, such speculation is insufficient "to overcome the [g]overnment's strong interest in preserving the confidentiality of [the government's] informant[s]." Warren, 42 F.3d at 655; see also United States v. Derr, 990 F.2d 1330, 1339-40 n.10 (D.C. Cir. 1993).

In support of his request for disclosure, defendant relies chiefly on Roviaro, specifically

4

asserting that the Supreme Court there

> recognized the importance of disclosing the name and whereabouts
> of an informant so that [the defendant] would have the opportunity of
> at least interviewing the informant in order to adequately prepare for
> trial. It is axiomatic that the witnesses do not belong to either the
> prosecution or the defense and should be available to either side.

Defendant's Motion, at 3.

Nowhere in Roviaro does the Supreme Court state such a loose proposition. To the contrary, as the District Court observed in Edelin, 128 F. Supp.2d at 33, the Roviaro Court "refused to adopt such an inflexible rule that the identity of an informant or cooperating witness must be disclosed whenever the testimony may be relevant and helpful to the accused." See Roviaro, 353 U.S. at 62. Moreover, this case is easily distinguishable from Roviaro. There, the informant was both the only other participant in the drug transaction in which the defendant was prosecuted and the only material witness other than the defendant himself, thus, his identity had to be disclosed as he "was the only witness in a position to amplify or contradict the testimony of government witnesses." Roviaro, 353 U.S. at 64. Here, in contrast, in order to prove its case, the government must show the existence of a conspiracy and that the defendant knowingly and willfully joined it and came to an agreement with at least one other person to accomplish its unlawful purpose. Thus, while the government intends to introduce as evidence informants and co-conspirators, these witnesses will be supplemented by civilian witnesses and law enforcement officers who were not participants in the conspiracy, as well as judicially-authorized telephone intercepts and drug seizures. Consequently, here, unlike in Roviaro, there is no charged conduct in which the only participant in the illegal transaction and the only material witness, other than the defendant himself, will be an undisclosed informant. See, e.g., United States v. Morrow, 2005 WL 3163806 (D.D.C. April 13, 2005) (Memorandum Opinion) (unreported).

Moreover, to the extent that defendant's motion argues that disclosure of the government's non-testifying informants' identities is warranted under <u>Roviaro</u> because a failure to do so would prevent him from identifying all the potential witnesses who could provide relevant testimony on his behalf, <u>see</u> Defendant's Motion, at 3, the Supreme Court, in <u>United States v. Valenzuela-Bernal</u>, 458 U.S. 858 (1982), rejected this very argument. The Court stated that:

> [D]espite the fact that criminal defendants otherwise have no access to such informers to determine what relevant information they possess. <u>Roviaro</u> supports the conclusion that <u>while a defendant who has not had an opportunity to interview a witness may face a difficult task in making a showing of materiality, the task is not an impossible one</u>.

<u>Valenzuela-Bernal</u>, 458 U.S. at 871 (emphasis added). Additionally, the government assures the Court and defendant that it has thoroughly complied with its obligations under <u>Brady</u> and <u>Giglio v. United States</u>, 405 U.S. 150 (1972), and will continue to do so. Moreover, the government submits that there is nothing exculpatory about the information that the government's informants have provided to law enforcement during the course of the investigation, nor has defendant alleged as much. <u>See</u> <u>Edelin</u>, 128 F. Supp.2d at 34 (District Court observing that privilege to withhold from disclosure the identity of confidential informants, since government otherwise complied with its <u>Brady</u> obligations, was proper; also favorable was the fact that government represented that informants' prospective testimony was not exculpatory).[1] Thus, any argument defendant makes in

---

[1] Moreover, Rule 16(a)(2) of the Federal Rules of Criminal Procedure generally provides that the statements of individuals not to be called as witnesses need not be provided to the defendant. Fed. R. Crim. Proc. Rule 16(a)(2). Rather, the defendant is entitled only to the statements of non-testifying witnesses or co-conspirators, if those statements constitute <u>Brady</u> material. <u>See</u> <u>Edelin</u>, 128 F. Supp.2d at 33 (citing <u>United States v. Williams-Davis</u>, 90 F.3d 490, 512-13 (D.C. Cir. 1996), cert. denied, 519 U.S. 1128 (1997)). By analogy, defendant should not be entitled to the identities of confidential informants who are neither participants in nor actual witnesses to the offense charged.

this regard is baseless.

In addition to <u>Roviaro</u>, defendant has also placed some reliance on <u>McLawhorn v. State of North Carolina</u>, 484 F.2d 1 (4th Cir. 1973). Defendant's Motion, at 3. However, in <u>McLawhorn</u>, the offense with which the defendant was charged and the facts are only slightly different from <u>Roviaro</u>. <u>See id.</u> at 3. Indeed, like the informant in <u>Roviaro</u>, the <u>McLawhorn</u> court found that the informant had "engineered the events leading up to the criminal occurrence and was a material witness who could testify directly from personal knowledge concerning the transaction, possession, and sale of cocaine." <u>Id.</u> at 6. Yet, in the instant case, there is no single substantive act with which the defendants are charged. Rather, as discussed above, the defendants are charged with a lengthy conspiracy and, in order to prove guilt, the government intends to introduce several witnesses to supplement the informants and co-conspirators who may be called upon to testify. Thus, like <u>Roviaro</u>, <u>McLawhorn</u> is readily distinguishable from the instant case. Consequently, defendant's reliance upon it is similarly misplaced. In summary, because defendant has failed to articulate specifically how the government's non-testifying informants are necessary to his defense and his assertions amount to no more than speculation, his request for disclosure of such information is without merit and therefore should be denied.

2.    <u>The Government's Interest in Protecting the Security of Its Witness Greatly Outweighs the Defendant's Interest in the Early Disclosure of Witnesses' Identities.</u>

The remaining aspect of defendant's motion is a request for the early disclosure of the witnesses whom the government intends to call at trial. The government opposes this request as well. In fact, already the Court, in its Order of February 15, 2008, has directed the government to provide a witness list to the defense by March 25, 2008. However, in light of the government's legitimate security concerns for its witnesses in this case, the government respectfully requests that

it be permitted to submit its list of witnesses around the time that it disclose all Jencks material in this case.

The practice of delaying disclosure of witnesses' identities until just several days before the witness testifies has been employed in this District numerous times. Recently, in the trial of the Gerald Eiland Organization, Judge Lamberth ordered a schedule for disclosure whereby the government was permitted to turn over to defense counsel its witness list the Thursday before each witness was expected to testify. Such schedule appeared to work successfully. See United States v. Eiland, ___ F. Supp.2d ___ (D.D.C March 2, 2006), 2006 WL 516743 (Memorandum Opinion) (unreported). It was also used in the death penalty trials involving the Tommy Edelin Organization, see United States v. Edelin, 128 F. Supp.2d 23, 31 (D.D.C. 2001) (Lamberth, J.), and the Kevin Gray Organization, see United States v.Gray, slip op. 11/15/01, at 17. In the latter case, the ruling was based on the Court's finding that "the Government's interest in delaying the disclosure of the identities of witnesses heavily outweighs the defendants' interest in pre-trial discovery." Id. at 16.

Indeed, numerous other cases support such a ruling. See, e.g., United States v. Wilson, 160 F.3d 732, 742 (D.C. Cir. 1998), cert. denied, 528 U.S. 828 (1999); United States v. Tarantino, 846 F.2d 1384, 1414 (D.C. Cir. 1988), cert. denied, 488 U.S. 867 (1989) ("nothing approaching a Brady violation occurred" where prosecutor disclosed a witness' statement that was inconsistent with a second witness' version of events in time for cross-examination of the second witness); United States v. Edwards, 47 F.3d 841 (7th Cir. 1995) (affirming disclosure of identity of government witness one day before witness was to testify where there were legitimate security concerns). Of course, unexpected changes in the order of government witnesses or added security concerns might result in shorter variations from the production of material just prior to the commencement of trial, but the government will notify the Court and defense counsel if those situations arise.

The government notes that it does not expect to disclose large amounts of Jencks material during the trial. In fact, the government has already disclosed many of the documents that may be subject to disclosure. In addition, the government has provided audio recordings and transcripts of those recordings that it intends to use in trial.

While at times in the past the government has provided witness lists to defense counsel well ahead of trial, there is no compelling reason to provide a witness list to defense counsel so far ahead of trial, in this case almost three months. On the other hand, the government has legitimate safety concerns for its witnesses. In this regard, it should be noted that the investigation of this case resulted in the indictment of twenty defendants in the District of Columbia, and numerous other defendants in the Southern District of Florida. See United States v. Pablo Rayo, et al., Criminal No. 06-20139. Significantly, some of these defendants have not yet been arrested. Therefore, early disclosure of the government's witness list could both endanger the safety of the witnesses, and have a devastating impact on the ability of the government to successfully prosecute this case and the one being tried in Florida..

WHEREFORE, for the reasons stated above, the United States respectfully submits that defendant's motion for disclosure of the government's non-testifying confidential informants, and for early disclosure of the government's witness list should be DENIED.

Respectfully submitted

KENNETH A. BLANCO, Chief
Narcotic and Dangerous Drug Section

/s/ *Donnell W. Turner*

By: _____

Donnell W. Turner, Maryland Bar
Trial Attorney
Narcotic and Dangerous Drug Section
U.S. Department of Justice
1400 New York Avenue, N.W., 8th Floor
Washington, D.C.  20530
(202) 307-5977
Donnell.Turner@usdoj.gov

_____

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing opposition to defendant's motion to disclose identities of each confidential informant and government witness served by the Electronic Case Filing system, on counsel for the defendant, A. Eduardo Balerezo, Esq., this 1st day of March, 2008.

/s/ *Donnell W. Turner*

_____

Donnell W. Turner