UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| V. | ) Crim. No. 05-316 (ESH) |
| | ) |
| PABLO RAYO MONTANO | ) |
| et al. | ) |

**GOVERNMENT'S RENEWED MOTION UNDER THE SPEEDY TRIAL ACT
TO EXCLUDE TIME GIVEN THE NATURE OF THE PROSECUTION**

---

**COMES NOW** the United States of America, by and through the undersigned attorney, and hereby renews its previously filed motion under 18 U.S.C. §§ 3161(h)(7), 3161(h)(8)(A), and 3161(h)(8)(B)(i) and (ii) of the Speedy Trial Act to exclude time based on the nature of the case. In support thereof, the government states the following:

FACTS

1. On February 22, 2006, Jaime Micolta-Hurtado, Sara Maritza Rayo, Viviana Buitrago Paz, Juan Carlos Gomez, and others were indicted by a federal grand jury in the District of Columbia and charged with conspiring to import five kilograms or more of cocaine into the United States and conspiring to manufacture and distribute five kilograms or more of cocaine intending and knowing that the cocaine would be unlawfully imported into the United States in violation of 21 U.S.C. § 959 and 963. Other defendants were charged in the conspiracy, including Pablo Rayo Montano and three of Jaime Micolta-Hurtado's brothers (Mars, Domingo, and reputed half brother Jose Bermudez). The three Micolta-Hurtado brothers were indicted in a companion case in Miami, Florida.

2. Jaime Micolta-Hurtado was arrested in California on May 16, 2006 and had an initial

appearance and arraignment before a United States Magistrate Judge.  He was ordered detained after a detention hearing.  Sara Maritza Rayo was arrested in Colombia on or about May 16, 2006 and was extradited to the United States.  She had her initial appearance on Friday, March 30, 2007 in the District of Columbia and had a detention hearing and arraignment on April 11, 2007.  Viviana Buitrago Paz and Juan Carlos Gomez were also arrested in Colombia on or about May 16, 2006, and were held in custody in Colombia until their more recent extradition to the United States.  They are now before the court as well.

3. Jaime Micolta-Hurtado was previously represented by Mr. Carlos Vanegas.  However, on March 8, 2007, Jaime Micolta-Hurtado filed a letter requesting that this Court dismiss Mr. Vanegas as counsel.  On December 3, 2007, Mr. Vanegas filed a motion to withdraw as counsel, which was granted by this Court on January 11, 2008.  On January 14, 2008, Mr. Eduardo Balarezo filed a notice of appearance on behalf of Jaime Micolta-Hurtado.  Subsequently, Jaime Micolta-Hurtado filed two requests for discovery.

4. Similarly, Juan Carlos Gomez was previously represented by Mr. Joseph Virgilio.  On January 14, 2008, the following events occurred:  Mr. Virgilio filed a motion for withdraw as counsel; this Court granted said motion; and Ms.Elita Amato filed a notice of appearance on behalf of Juan Carlos Gomez.

5. A trial date has been set for June 16, 2008.

6 At a status conference held on February 15, 2008, both Jaime Micolta-Hurtado and Juan Carlos Gomez argued that discovery was not complete.  The other defendants indicated that discovery was, in fact, complete.

7. On February 26, 2008, Juan Carlos Gomez filed a motion for an extension of time to file motions.  Jaime Micolta-Hurtado joined said motion.

8 . On March 14, 2008, a status conference was held.  Prior to the status conference, the Government provided Jaime Micolta-Hurtado's and Juan Carlos Gomez's attorney with additional discovery.  This Court granted defendants' request for an extension of time in which to file motions.

9.  The Rayo organization is the subject of two indictments, the instant indictment and an overlapping indictment in the Southern District of Florida ("SDFL").  In all, 42 different defendants, all members of the Rayo drug trafficking organization, were indicted in the District of Columbia and in Miami.  Ten defendants were indicted in both jurisdictions.  The following defendants have pled guilty in the SDFL:

> Domingo Micolta-Hurtado (Jaime Micolta-Hurtado's brother)
> Hector Eduardo Aguilar
> Monica Ruiz
> Victor Serna Rayo
> Sandra Orozco Gil
> Jose Eduardo Arango
> Ruben Menaca
> Yohibel Dunn-Aguilera
> Deguis David Romero-Acosta, and
> Ramon Eusturgio Matamba

Of these individuals, Hector Eduardo Aguilar, Sandra Orozco Gil, Jose Eduardo Arango, and Victor Serna Rayo were also indicted here in the District of Columbia.

10. At the present time, Mars Micolta-Hurtado has a plea hearing scheduled for March 27, 2008.  In addition, Jackson Orozco Gil, who filed an intent to plea, and Fidel Sandoval-Rosero, another Miami defendant, are scheduled to attend a plea hearing on April 24, 2008.  Both Jackson Orozco Gil and Fidel Sandoval-Rosero were also indicted here in the District of Columbia.

11. In addition, four co-defendants in the instant case are scheduled to enter guilty pleas between March 26, 2008 and April 16, 2008.

## LAW

11. Under the Speedy Trial Act, 18 U.S.C. §3161 et seq., trial must commence within seventy days of initial appearance. *See* 18 U.S.C. §3161(c)(1). The Speedy Trial Act, however, excludes certain periods of time from the seventy day computation. First, 18 U.S.C. § 3161 (h)(1)(I) provides that "[a]ny period of delay resulting from other proceedings concerning the defendant" shall be excluded in computing the time within which a trial must commence this Court may exclude any period of delay, including "consideration by the court of a proposed plea agreement." Second, section 3161(h)(7) of the Speedy Trial Act excludes a "reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted." Third, the Court may toll the seventy day period by granting a "continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). In determining whether to grant a continuance, a factor the Court must consider is "whether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself" within the prescribed time limit. 18 U.S.C. § 3161(h)(8)(B)(ii).

## ARGUMENT

12. The court has previously granted the government's request, made pursuant to the Speedy Trial Act, to continue the case. The government is mindful that all defendants have been in some kind of custody since on or about May 16, 2006, and that defendant Jaime Micolta-

Hurtado has been in the custody of the United States since that date. However, given the nature of the case, specifically the relatively recent change in counsel, the confusion with respect to whether defense counsel received all the discovery materials from their predecessors, the trial date of June 16, 2008, and the need for Jaime Micolta-Hurtado and Juan Carlos Gomez to file pre-trial motions, the Government respectfully requests that this Court grant an exclusion of additional time from the speedy trial computation so that the parties are able to adequately prepare for both pretrial proceedings and the trial itself. *See* 18 U.S.C. § 3161(h)(8) (A); (B)(ii).

13.  In addition, pursuant to 18 U.S.C. § 3161 (h)(1)(I), the Government respectfully requests that this Court exclude any period of delay resulting from "consideration by the court" of the proposed plea agreements to be entered into by four co-defendants presently before this Court and the Government.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, the United States respectfully asks the Court to grant this motion. The government requests that the Court exclude a reasonable period of time from the Speedy Trial calculations in this case.

Respectfully submitted,

　　　　/s/　　　　
PAUL LAYMON
DONNELL TURNER
Trial Attorneys
United States Department of Justice
Narcotic and Dangerous Drug Section
1400 New York Avenue, N.W.
Washington, D.C. 20530
202-514-1286

CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing motion was provided to defense counsel on March 21, 2008

                                           Paul Laymon

                                           Trial Attorney, DOJ