UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 05-CR-316 (ESH) |
| | : | |
| JAIME MICOLTA HURTADO | : | |

### DEFENDANT MICOLTA HURTADO'S MOTION TO COMPEL AND FOR SANCTIONS

Defendant Jaime Micolta Hurtado ("Micolta Hurtado"), by and through undersigned counsel, respectfully requests the Honorable Court to compel the government to comply with its discovery and disclosure Orders of March 14, 2008 and March 28, 2008, wherein it directed the government to make certain disclosures to the defense. In support of this Motion Mr. Micolta Hurtado States as follows:

1. Mr. Micolta Hurtado has been in government custody since May 2006, as a result of having been indicted in a wide-ranging narcotics conspiracy. The "Twin Oceans" investigation that resulted in the indictment began sometime in 2003. Trial in this matter is scheduled for June 16, 2008.

2. Although the government has produced voluminous discovery related to the investigation, the government conceded at the March 14, 2008, hearing that the evidence against Mr. Micolta Hurtado consists of one intercepted telephone call and the testimony of cooperators. Because all the acts alleged in the indictment occurred abroad, Mr. Micolta Hurtado moved the Court for an Order directing the government to disclose the names of cooperators prior to trial so that counsel could make use of that information in preparing for trial.

3.      At the status hearing on March 14, 2008, the Court granted in part Mr. Micolta Hurtado's Motion and Ordered the government to disclose by March 25, 2008, the identities of incarcerated cooperators who will testify at trial. The Court also Ordered the government to disclose by the same date: a) an exhibit list; b) verbatim transcriptions of audio recordings the government intends to use in its case-in chief; and c) English and Spanish translations of each transcript. Finally, the Court directed (albeit not in the form of an Order) the government to produce to Mr. Micolta Hurtado a copy of the one call that the government alleges involves him.

4.      On the afternoon of March 24, 2008, undersigned counsel emailed AUSA Paul Laymon inquiring how the disclosures were going to be made. Mr. Laymon did not respond to that inquiry.

5.      At 9:09 p.m., on March 25, 2008, the government filed a one page Motion requesting an additional week to make the disclosures Ordered by the Court. By way of explanation for the request, the government noted "that it is taking much more time than anticipated to review the case materials, and that the United States was also at the same time trying to complete plea agreements and factual bases." On March 28, 2008, the Court issued a minute Order extending the time for the government to make disclosures until March 31, 2008, and noted that there would be no further extensions.

6.      On March 31, 2008, the government filed via ECF what it captioned its Exhibit List and Witness List. These were filed at 7:21 p.m. and 7:23 p.m., respectively. With respect to its exhibit list, the government files a jumble of information that is not a list at all, but rather a stream of consciousness recitation of items it may or may not present at trial.

7.      For example, with respect to Mr. Micolta Hurtado, the government states

"Intercepted calls involving Micolta include call 3817037, April 20, 2006, between Pablo Rayo and Fidel Sandoval; call 3822779, April 20, 2006, between Micolta and Rayo; and call 4997833, April 25, 2006, between Rayo and Jackson Orozco Gil. In addition, there may be 37 other calls in which Micolta is a participant or is mentioned." (Gov. Filing at 1)." This disclosure is shocking considering that the government conceded at the March 14 status hearing that the sum of the evidence against Mr. Micolta Hurtado boiled down to one intercepted call and the testimony of cooperators. Now the government claims that it intends to introduce at least three calls and that there are as many as thirty-seven other calls in which he is a participant or is mentioned. This disclosure is even more distressing given the fact that the government has not disclosed the calls to this defense counsel, notwithstanding the government's representation at the March 14 hearing that it would make a copy of the calls for counsel within days of that hearing. Needless to say, counsel has not received any discs of calls nor any transcripts of the calls.

        8.      The government further states in its "Exhibit List":

"On May 16, 2006, Micolta was advised of and waived his Miranda rights. Micolta stated he had been in the United States for about two years. He acknowledged knowing many of the principals in the case, including Pablo Rayo, Jackson Orozco Gil, Yovanny Tovar, Mario Leone, Jose Maria Bermudez, Hector Aguilar, and Fidel Sandoval, but he denied any drug activity. He said his most recent phone call to Rayo was not about smuggling drugs but about smuggling Rayo across the border into the US."

(Gov. Filing at 1).

        9.      This disclosure is again distressing on some many different levels, the most disturbing of which is that the government represented to the Court on March 14 that there were no statements by Mr. Micolta Hurtado that they intended to introduce at trial. If it is the government's intention to made disclosures in a piecemeal fashion and misrepresent its

intentions, the Court should step in and make sure that Mr. Micolta Hurtado is not sandbagged at trial. It is bad enough that we are so close to the trial date, and Mr. Micolta Hurtado still does not know what he faces in a trial that could result in his very lengthy incarceration.

10. Finally, the document that the government filed on ECF purporting to be a "Witness List" is not accessible by counsel. He has tried to access it directly from the email link and from ECF, all to no avail. In fact, counsel spoke with the government yesterday afternoon at approximately 5:55 p.m. and requested that he e-mail counsel the disclosures because counsel is out of town. This request was not met.

11. Mr. Micolta Hurtado respectfully request that the Honorable Court issue an Order directing the government to make immediate disclosure of witnesses, an accurate and complete witness list, and all Rule 16 discovery. If the government fails to comply with the Court's Order, Mr. Micolta Hurtado respectfully requests that the Court sanction the government by prohibiting the government from using at trial any of the non-disclosed evidence.

WHEREFORE, for the foregoing reasons and any others that may become apparent to the Court, Mr. Micolta Hurtado respectfully requests that this Motion be **GRANTED.**

Dated: Washington, DC
April 1, 2008

Respectfully submitted,

**LAW OFFICE OF A. EDUARDO BALAREZO**
/s/
_____
A. Eduardo Balarezo (D.C. Bar No. 462659)
400 Fifth Street, N.W.
Suite 300
Washington, D.C. 20001
(202) 639-0999 (tel)
(202) 639-0899 (fax)

*Attorney for Jaime Micolta Hurtado*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 1st day of April 2008 I caused a true and correct copy of the foregoing Defendant Micolta Hurtado's Motion to Compel and for Sanctions to be delivered to the Parties in this case via Electronic Case Filing.

/s/
_____
A. Eduardo Balarezo