UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CRIMINAL NO. 05-316(ESH) |
| ) | |
| JAIME MICOLTA HURTADO, ) | |
| JUAN CARLOS GOMEZ, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**PARTIES' PROPOSED ADDITIONAL VOIR DIRE QUESTIONS**

As directed by the Court, the parties in the above-captioned matter hereby jointly submit the following supplemental proposed voir dire questions, as well as voir dire questions proposed by the respective parties and any opposing party's objections thereto.

Joint Proposed Supplemental Voir Dire Questions

1. Are there any among you who has a hearing problem, uncorrected by a hearing device, or a problem with your eyesight, uncorrected by glasses, such that it would make it difficult for you to hear or see the evidence presented in this case? (In addition to Court's Question #26).

2. Do any of you need to take any medication which might cause drowsiness or other wise make it difficult for you to remain alert and attentive during these proceedings? (In addition to Court's Question # 26).

3. Do any of you have any difficulty reading, speaking, or understanding English?

4. Have you, any members of your family, or any close friends either practiced as a lawyer, attended law school, taken paralegal course work, participated in a clinical program

involving criminal law issues, or received any other type of legal training? (In place of Court's Question # 15).

Government's Proposed Supplemental Voir Dire Questions and Objections Thereto

    1.    The law requires that jurors weigh the evidence in a case and reach a verdict based solely upon the basis of the evidence and the instructions of law, without any regard whatsoever for what the potential punishment might or might not be. Would any of you have any difficulty at all in following this principle?

    2.    This case involves allegations of conspiring to import cocaine into the United States, and conspiring to manufacture or distribute cocaine, intending and knowing that such cocaine would be imported into the United States, between January 1990 and continuing up to the date of the indictment, February 22, 2006. Is there anything about the nature of these charges, or the fact that they are alleged to have occurred some time ago that make you feel that it would be difficult for you to be an impartial and fair juror? (In place of Court's Question # 21).

    3.    Does any member of the panel have such strong feelings about cocaine or other illegal drugs, the laws and penalties associated with cocaine or other illegal drugs, or enforcement of the drug laws in general, that you could not serve as a fair and impartial juror in this case?

    4.    Anyone who is selected to serve on this jury will take an oath to follow the law as instructed by this Court. Would you for any reason not be able to accept and follow my instructions regarding the law?

    5.    Have any of you lived or worked and/or have or had relatives or close friends that live(d) or worke(d) in the foreign countries of Colombia, Panama, Brazil, Mexico, and Guatemala (including military service), where the unlawful conspiracy is alleged to have

occurred in this case? Would this fact make it difficult for you to keep an open mind and be a fair and impartial juror in this case?

      6.      The trial is to be conducted in English, although it is anticipated that Spanish and Portugese will be used during this trial. The evidence you are to consider is only that provided in English, through the official court interpreter. Although some of you may know Spanish or Portugese, you must not rely on your own interpretation. Therefore, you must accept the English interpretation. Would any of you who understands Spanish or Portugese have any difficulty adhering to this instruction?

**Objections:**

      Defendant Juan Carlos Gomez ("Gomez") objects to the government's proposed Questions # 4 and # 6 above, in their entirety. Gomez further objects to the opening sentence in Question # 5 and requests that it instead read as follows: "Have any of you lived or worked and/or have or had relatives or close friends that live(d) or worke(d) in the foreign countries of Colombia, Panama, Brazil, Mexico, and Guatemala?"

      Defendant Jaime Micolta-Hurtado ("Micolta") objects to the government's proposed Questions # 1-5 above, in their entirety, on the grounds that such questions are more appropriate as final instructions, are sufficiently covered by the Court's voir dire questions, or are framed in such a way as to be biased against the defense.

Defendant Juan Carlos Gomez's Proposed Supplemental Voir Dire Questions and Objections Thereto

      1.      Do you live in an area where drug use or sale occurs?

      2.      Has any member of the jury traveled extensively to Latin America, Central America or South America whether for work or pleasure?

      3.      Does any member of the jury avidly follow news pertaining to Latin America, Central America or South America?

      4.      Do any of you or have any of you in the past ever worked for a law enforcement agency including but not limited to DEA, FBI, CIA, IRS, MPD, GSA Guards, or as a special

police officer? Are any of your relatives or close friends members of these or similar law enforcement agencies?

5. Is there anyone here who served as a military policeman while in the armed forces of the United States?

6. Now if you came to the conclusion that the prosecution had not proven the guilt of a defendant in this case beyond a reasonable doubt, but you found that the majority of your fellow jurors believed him or her to be guilty, would any of you compromise that belief and change your verdict merely because you were in the minority and for on other reason?

**Objections:**

The government objects to all of the foregoing voir dire questions proposed by defendant Gomez as they are either already sufficiently covered by the Court's voir dire questions or are not at all relevant to the issue of fairness and impartiality of the potential jurors in the case.

Defendant Jaime Micolta Hurtado's Proposed Supplemental Voir Dire Questions and Objections Thereto

None proposed.

## CERTIFICATE OF SERVICE

I hereby certify that, on this 29th day of May, 2008, a copy of the foregoing Parties' Proposed Additional Voir Dire Questions was filed electronically with the Clerk of the Court and served on all counsel of record through the electronic case filing system.

    _/s/_____
Mary E. Mogavero
Trial Attorney
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
1400 New York Ave NW
Washington, DC 20530
202-514-0917
May 29, 2008

Respectfully submitted,

WAYNE C. RAABE
Acting Chief
Narcotic and Dangerous Drug Section
United States Department of Justice

By: */s/ Donnell W. Turner*
_____
Donnell W. Turner
Paul Laymon
Mary Magovero

Trial Attorneys
Narcotic and Dangerous Drug Section
United States Department of Justice
1400 New York Ave., N.W., 8th Floor
Washington, D.C. 20530
(202) 307-5977

By: */s/ Elita Amato, Esq.*
_____
Elita Amato, Esq.
Attorney for Juan Carlos Gomez
2009 N. Fourteenth Street
Suite 708
Arlington, VA 22201
(703) 522-5900

By: */s/ Eduardo Balerezo, Esq.*
_____
Eduardo Balerezo, Esq.
Attorney for Jaime Micolta Hurtado
400 Fifth Street, N.W.
Washington, D.C. 20001
(202) 639-0999