UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Criminal No. 05-CR-316 (ESH) |
| JAIME MICOLTA HURTADO | : | |
| *Defendant.* | : | |

## DEFENDANT MICOLTA HURTADO'S OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE REGARDING DISCLOSURE OF AGENTS' REPORTS

Defendant Jaime Micolta Hurtado ("Micolta Hurtado"), by and through undersigned counsel, respectfully submits his opposition to the government's Motion in Limine Regarding Disclosure of Agents' Reports and states as follows:

1. The Court has ordered the government to produce DEA-6 forms and rough notes agents pursuant to the Jencks Act, 18 U.S.C. § 3500.

2. The government argues that it has finalized it witness list with respect to the DEA agents that will testify at trial. It lists two witnesses, Agent Collier and Agent Ventura. The government produced a DEA-6 form relating to Mr. Micolta Hurtado's arrest that was authored by Agent Collier. With respect to Agent Ventura, the government argues that his DEA-6 deals with the interview of an informant that will not testify and that Agent Ventura will be testifying as an expert. Thus, the government argues, the DEA-6 does not relate to the subject matter of Agent Ventura's testimony. The defense accepts that representation.

3. What the government fails to address is that the order to disclose agent reports as <u>Jencks</u> is not limited to the reports of the agents who will testify. Undoubtedly in this case agents interviewed all the cooperators who will testify and compiled a report that

memorialized the substance of the interviews. In counsel's experience, although the DEA-6s are not usually "written statements signed or otherwise adopted or approved by the witness," the reports are often substantially verbatim recordings of oral statements of the witness and should be disclosed pursuant to <u>Jencks</u>, regardless of whether the agent who wrote the report testifies for the government. For example, if a cooperator testifies that Mr. Micolta Hurtado did "X" and the report of the interview with an agent indicates that the informant previously said that Mr. Micolta Hurtado did "Y" then the report contains impeachable material that must be disclosed to the defense not only under Jencks, but also under <u>Brady v. Maryland</u> and its progeny. The defense could then call the agent who wrote the report to complete the impeachment.

4. Given the nature of the case and the sensitivity of the reports, Mr. Micolta Hurtado suggests that the government produce all reports concerning informants that will testify to the Court for *in camera* review and determination of whether the reports should be produced.

**WHEREFORE**, for the foregoing reasons and any others that may become apparent to the Court, Mr. Micolta Hurtado respectfully requests that the government's Motion be **DENIED.**

Dated: Washington, DC
June 13, 2008

Respectfully submitted,

**LAW OFFICE OF A. EDUARDO BALAREZO**
/s/
_____
A. Eduardo Balarezo (D.C. Bar No. 462659)
400 Fifth Street, N.W.
Suite 300
Washington, D.C. 20001
(202) 639-0999 (tel)
(202) 639-0899 (fax)

*Attorney for Jaime Micolta Hurtado*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of June 2008 I caused a true and correct copy of the foregoing Defendant Micolta Hurtado's Opposition to the government's Motion in Limine Regarding Disclosure of Agents' Reports to be delivered to the Parties in this case via Electronic Case Filing.

/s/
_____
A. Eduardo Balarezo