UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 05-CR-316 (ESH) |
| | : | |
| JAIME MICOLTA HURTADO | : | |
| | : | |
| *Defendant.* | : | |

**DEFENDANT MICOLTA HURTADO'S MOTION FOR ELECTION
OF OFFENSES OR, ALTERNATIVELY, TO DISMISS INDICTMENT**

Defendant Jaime Micolta Hurtado ("Micolta"), by and through undersigned counsel, respectfully moves the Honorable Court to issue an Order compelling the government to elect from duplicitous offenses in one count, or alternatively, to dismiss the Indictment. As grounds for this motion, defendant submits the following:

**FACTS**

In the Superseding Indictment filed on February 22, 2006, the government charged Micolta with one count. The single count alleges that Micolta and others

> did knowingly and intentionally combine, conspire, confederate and agree to commit the following offenses against the United States:
>
> (1)  knowingly and intentionally import five kilograms or more of a mixture and substance containing a detectable amount of cocaine . . . . into the United States . . . . in violation of Title 21 United States Code, Sections 952 and 950; and
>
> (2)  knowingly and intentionally manufacture and distribute five kilograms or more of mixture and substance containing a detectable amount of cocaine . . . intending and knowing that such substance would be . . . imported into the United States, in violation of Title 21 United States Code, Section 963.

*See* Superseding Indictment.

**ARGUMENT**

**THE INDICTMENT IS IMPERMISSIBLY DUPLICITOUS
BECAUSE IT CHARGES TWO OFFENSES IN ONE COUNT**

Duplicity is the joining in a single count of two or more distinct and separate offenses. *See United States v. Shorter,* 809 F.2d 54, 56 (D.C.Cir.1987), *cert. denied,* 484 U.S. 817, 108 S. Ct. 71, 98 L.Ed.2d 35 (1987) (citing 1 C. Wright, *Federal Practice and Procedure: Criminal* § 142 (2d ed. 1982); *see also United States v. Mangieri,* 694 F.2d 1270, 1281 (D.C.Cir.1982). A district court must undertake a three-step analysis to determine whether a particular count in an indictment is impermissibly duplicitous. First, the court must determine whether more than one violation of a criminal statute is alleged under a single count. If the count in question alleges only a single violation, then the court's analysis ends here. If, however, more than one violation is alleged in single count, the court must then determine whether defendant's conduct, which resulted in the multiple violations, "may legitimately be regarded as a single course of conduct and hence a single offense." *Shorter,* 809 F.2d at 56; *United States v. Watt*, 911 F. Supp. 538, (D.D.C. 1995); *United States v. Poindexter,* 725 F. Supp. 13, 24 (D.D.C. 1989). If defendant's conduct can be reasonably construed as a single offense, the count will be considered impermissibly duplicitous only if a trial on a single-count basis would be unduly prejudicial to the defendant. *See id.*

    **A. More than one violation of a criminal statute is alleged in
    the one count**

Here, it is clear that the government has charged two separate violations in one count – violations of 21 U.S.C. § 952, 960 and 21 U.S.C. § 963. Therefore, the first step of the analysis is met.

### B. Micolta's course of conduct may not legitimately be regarded as a single course of conduct and hence a single offense

The Government has charged Micolta with participating in a wide-ranging narcotics conspiracy. Based on the scanty discovery provided thus far, it appears that the government alleges that Micolta was an instrumental member of Pablo Rayo's drug trafficking organization, in which Micolta's roles included assisting with the transportation of drugs from their source to the end users, the movement of drug proceeds and the laundering of drug proceeds. Micolta is alleged to have participated in the conspiracy at different times, in different places and with different people. Hence, the actions the government alleges Micolta took under the alleged conspiracy, and which are identified in parts (a) and (b) of Count I, do not constitute a single course of conduct.

### C. Even if Micolta's conduct can be reasonably construed as a single offense, the count is unduly prejudicial

An indictment should be dismissed as impermissibly duplicitous if trial on a single count would be unfair to the defendant. *See United States v. Alsobrook,* 620 F.2d 139, 142 (6th Cir. 1980); *United States v. Berardi*, 675 F.2d 894, 898 (7th Cir 1982); *United States v. Pavlovski,* 594 F.2d 933, 936 (7th Cir. 1968). In order to determine whether fairness requires dismissal of an indictment which includes in one count what could be several independent charges, the Court must measure that indictment against the purposes of the prohibition against duplicity. These purposes are generally held to be: (1) the prevention of double jeopardy, (2) an assurance of adequate notice to the defendant, (3) the provision of a basis for appropriate sentencing, (4) the danger that a conviction was produced by a verdict that may not have been unanimous as to any one of the crimes charged. *United States v. Margiotta,* 646 F.2d 729 (2nd

Cir. 1981); *United States v. Pavloski,* 574 F.2d at 936; *United States v. Starks,* 515 F.2d 112, 116 (3d Cir.1975).

In this situation, the danger that a conviction may not be unanimous is severe. For example, if convicted, it is quite conceivable that some jurors may vote to convict Micolta on part (a) while some voted to convict on part (b). Considering that the offenses charged in parts (a) and (b) are separate and distinct, the jury must have a unanimous verdict as to each. Given the manner in which the indictment is written, it would be impossible to know whether some or all the jurors voted for conviction on one part or the other.

**WHEREFORE**, for the foregoing reasons, and any other that might become apparent to the Court, Micolta respectfully requests that this motion be **GRANTED**.

Dated: Washington, DC
      June 20, 2008

Respectfully submitted,

**LAW OFFICE OF A. EDUARDO BALAREZO**

/s/

_____
A. Eduardo Balarezo (D.C. Bar No. 462659)
400 Fifth Street, N.W.
Suite 300
Washington, D.C. 20001
(202) 639-0999 (tel)
(202) 639-0899 (fax)

*Attorney for Jaime Micolta Hurtado*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of June 2008 I caused a true and correct copy of the foregoing Defendant Micolta Hurtado's Motion For Election of Offenses or, Alternatively, to Dismiss Indictment to be delivered to the Parties in this case via Electronic Case Filing.

/s/

_____
A. Eduardo Balarezo