UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLOMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 05-CR-316 (ESH) |
| | : | |
| JAIME MICOLTA HURTADO, | : | |
| JUAN CARLOS GOMEZ | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT MICOLTA HURTADO'S MOTION FOR ELECTION OF OFFENSES OR, ALTERNATIVELY, TO DISMISS INDICTMENT**

The Government, by and through undersigned counsel, hereby respectfully responds in opposition to defendant Jaime Micolta-Hurtado's ("Micolta") motion for election of offenses, or alternatively, to dismiss indictment. In his motion, Micolta argues that: (1) the indictment is impermissibly duplicitous because it charges two offenses in one count; (2) Micolta's course of conduct may not legitimately be regarded as a single course of conduct, and therefore a single offense; and (3) even if Micolta's course of conduct constituted a single offense, the count is unduly prejudicial because of the likelihood that a conviction may not be unanimous.

First, this Court should deny Micolta's motion because the single-count Superseding Indictment is not duplicitous. Second, this Court should deny Micolta's motion because any prejudice to Micolta can be cured by a limiting instruction.

## FACTS

Count One of the Superseding Indictment, filed February 22, 2006, charges Micolta, and others, with conspiring to:

> "(1) knowingly and intentionally import five kilograms or more of a mixture and substance containing a detectable amount of cocaine . . . into the United States . . . in

    violation of Title 21, United States Code, Sections 952 and 960; and

    (2) knowingly and intentionally manufacture and distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine . . . intending and knowing that such substance would be unlawfully imported into the United States, in violation of Title 21, United States Code, Section 963."

Superseding Indictment.

## ARGUMENT

**1.    The Superseding Indictment is Not Duplicitous.**

    The Government concedes that the Superseding Indictment consists of one count, which charges Micolta, and others, with conspiring to violate two different statutory offenses. However, the Superseding Indictment is not duplicitous. The Supreme Court has held:

> "Whether the object of a single agreement is to commit one or many crimes, it is in either case that agreement which constitutes the conspiracy which the statute punishes. The one agreement cannot be taken to be several agreements and hence several conspiracies because it envisages the violation of several statutes rather than one. The allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for '[t]he conspiracy is the crime, and that is one, however diverse its objects.' . . . Since the single continuing agreement, which is the conspiracy here, thus embraces its criminal objects, it differs from successive acts which violate a single penal statute and from a single act which violates two statutes." *Braverman v. United States*, 317 U.S. 49, 53-54 (1942) (*quoting Frohwerk v. United States*, 249 U.S. 204, 210 (1919)); *see also United States v. Dale*, 782 F. Supp. 615, 617-618 (D.D.C.1991) (same).

    The use of a single conspiracy count to allege the violation of more than one statutory offense is an acceptable practice, especially in drug cases. *See United States v. Poindexter*, 725 F. Supp. 13, 19 (D.D.C. 1989) ("In fact, a single conspiracy count which includes allegations of several objects, several means, and several overt acts is more typical of criminal litigation in the federal courts-as, for example, in indictments charging violations of the drug laws."). Indeed, this Court, as well as courts in sister circuits, have reached this exact conclusion. *See Dale*, 782 F. Supp. at 618-620; *United States v. Marshall*, 332 F.3d 254, 262 (4th Cir. 2003), *cert denied*

540 U.S. 1024 (rejecting defendant's contention that the indictment was duplicitous because of a single conspiracy count that charged two separate drug crimes); *United States v. Murray*, 618 F.2d 892, 897-898 (2d Cir. 1980) (indictment was not duplicitous where the conspiracy alleged the violation of two separate statutory sections).

**2.     Any prejudice to the defendant is cured by a limiting instruction.**

Micolta argues that the indictment is unfairly prejudicial and should be dismissed because, if found guilty, it would be "impossible" to determine, based on the Superseding Indictment, whether the jury reached a unanimous verdict on the importation charge or the manufacturing/distribution charge.

Micolta's argument is without merit because any prejudice to the defendant is cured by a limiting instruction. In *Poindexter*, this Court held that:

> "Any dangers presented by the prosecution of a defendant by way of a single count with more than one allegation of criminal conduct-such as the possibility that the jury would render a guilty verdict without unanimity regarding the events in question-can be more than adequately controlled through instructions to the jury."

*Poindexter*, 725 F. Supp. at 24; *see also United States v. Mangieri*, 694 F.2d 1270, 1281 (D.C. Cir. 1982) (urging trial courts to abide by the rule in the District of Columbia to issue an unanimity instruction if a charge encompasses two separate incidents).

Furthermore, an appropriately drafted verdict sheet would further serve to eliminate any possibility of the jury reaching a non-unanimous verdict. Indeed, the Government intends to propose using a verdict sheet in which the jury must indicate whether Micolta was found guilty of conspiring to: import cocaine; manufacture and distribute cocaine; or both. As such, it would be impossible <u>not</u> to know whether the jury reached a unanimous verdict on either or both of the statutory offenses charged in the indictment.

Thus, by issuing a unanimity instruction and using an appropriate verdict sheet, there is no possibility of prejudice to Micolta. Therefore, Micolta's motion to dismiss the indictment should be denied.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that this Court deny Micolta's motion for election of offenses or, alternatively, to dismiss indictment.

Respectfully submitted,

This 23rd day of June, 2008

/s/
PAUL LAYMON
DONNELL W. TURNER
MARY E. MOGAVERO,
Trial Attorney
U.S. Department of Justice
Criminal Division
Narcotic & Dangerous Drug Section
950 Pennsylvania Avenue, N.W.,
Bond Building
Washington, D.C. 20530
(202) 514-0917