UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No. 05-CR-316 (ESH) |
| : | |
| JAIME MICOLTA HURTADO : | |
| : | |
| *Defendant.* : | |

## DEFENDANT MICOLTA HURTADO'S OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE SEEKING ADMISSION OF TELEPHONE CALLS OCCURRING IN FURTHERANCE OF THE CHARGED CONSPIRACY

Defendant Jaime Micolta Hurtado ("Micolta Hurtado"), by and through undersigned counsel, respectfully submits his opposition to the government's Motion in Limine Seeking Admission of Telephone Calls Occurring in Furtherance of the Charged Conspiracy:

## FACTS

The government has charged Micolta with participating in a narcotics conspiracy beginning in 1990 and lasting until the filing of the superseding indictment on February 22, 2006. The government seeks to introduce two calls purportedly involving Micolta pursuant to Fed. R. Evid. 801(d)(2)(E). The first call took place on June 23, 2005 (the "2005 Call") and the second on April 20, 2006 (the "2006 Call"). Micolta argues that although the 2005 Call occurred within the period of the charged conspiracy, the statements contained therein were not in furtherance of the conspiracy. He further argues that the 2006 Call occurred outside the period of the conspiracy and was also not in furtherance of the conspiracy.

**ARGUMENT**

Federal Rule of Evidence 801(d)(2)(E) states that "[a] statement is not hearsay if . . . [t]he statement is offered against a party and is a statement by a co-conspirator of a party during the court and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E).

**A.     the 2006 Calls took place after the charged conspiracy and must be excluded**

Although the law is clear that a conspiracy need not be charged in order to allow co-conspirator statements under the rule, *see United States v. Perholtz*, 842 F.2d 343, 359 (D.C. Cir. 1988), the government seeks to extend this to mean that it is not constrained by its definition of the conspiracy in the indictment and "the law does not limit the requirement of the existence of a conspiracy to that which is charged in the indictment in order for Rule 801(d)(2)(E) to apply." (Gov. Mot. At 4).  The government cites no cases in support of this proposition. In fact, the cases it does cite, all deal with the introduction of "other acts" that occurred outside the scope of the charged conspiracy, not co-conspirator "statements" made outside the scope as are at issue here.

For example, *United States v. Bagaric*, 706 F.2d 42 (2d Cir. 1983) concerned a RICO prosecution where the trial court allowed the introduction of "documentary evidence showing Markich had lived in Elliott Lake in 1967 and was employed, at that time, by Dennison Mines."  Not only was the evidence admitted "non-testimonial" in character, but it also involved a time prior to the conspiracy alleged, rather than after.  *See also United States v. Aleman*, 592 F.2d 881, 885 (5th Cir. 1989) (also deal with "other acts" evidence"); *United States v. Celaya-Garcia*, 583 F.2d 210 (5th Cir. 1978) (dealt with a "heroin transaction" that took place outside the scope of the conspiracy); *United States v. Mathis*, 216 F.3d 18 (D.C. Cir. 2000) (deals with evidence of "other offenses"); *United States v. Krout*, 66 F.3d 1420 (5th Cir. 1995) (dealt with

2

evidence of uncharged offense); *United States v. Kennedy*, 32 F.3d 876 (4th Cir. 1994) (dealt with evidence of uncharged conduct). In effect, the government's argument confuses co-conspirator "acts" versus "statements."

In contrast to the government's position, in a case cited by the Court, *United States v. Munson*, 819 F.2d 337, 340 (1st Cir. 1987), the First Circuit noted that statements made after the charged conspiracy would not have been admissible under Rule 801(d)(2)(E); however, because trial counsel did not object, the admission of the statement was not plain error. Additionally, in *Anderson v. United States*, 417 U.S. 211, 218-19 (197) the Supreme Court clearly stated:

> The doctrine that declarations of one conspirator may be used against another conspirator, if the declaration was made during the course of and *in furtherance of the conspiracy charged*, is a well-recognized exception to the hearsay rule which would otherwise bar the introduction of such out-of-court declarations. See *Lutwak v. United States*, 344 U.S. *supra*, 344 U.S., at 617, 73 S.Ct., at 489. See also *Krulewitch v. United States*, 336 U.S. 440, 69 S.Ct. 716, 93 L.Ed. 790 (1949). The hearsay-conspiracy exception applies only to declarations made *while the conspiracy charged was still in progress*, a limitation that this Court has 'scrupulously observed.' See *Krulewitch v. United States*, *supra*, at 443-444, 69 S.Ct., at 718-719. See also *Lutwak v. United States, supra*, 344 U.S., at 617-618, 73 S.Ct., at 489-490; *Fiswick v. United States*, 329 U.S. 211, 217, 67 S.Ct. 224, 227, 91 L.Ed. 196 (1946); *Wong Sun v. United States*, 371 U.S. 471, 490, 83 S.Ct. 407, 418-419, 9 L.Ed.2d 441 (1963).

*Anderson*, 417 U.S. 218-19 (emphasis added). In footnote 6, the Court further explained:

> The rationale for both the hearsay-conspiracy exception and its limitations is the notion that conspirators are partners in crime. *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 253, 60 S.Ct. 811, 858, 84 L.Ed. 1129 (1940); *Fiswick v. United States,* 329 U.S. 211, 216, 67 S.Ct. 224, 227, 91 L.Ed. 196 (1946). As such, the law deems them agents of one another. And just as the declarations of an agent bind the principal only when the agent acts within the scope of his authority, *so the declaration of a conspirator must be made in furtherance of the conspiracy charged* in order to be admissible against his partner. See *Krulewitch v. United States*, 336 U.S. 440, 442-443, 69 S.Ct. 716, 717-718, 93 L.Ed. 790 (1949); *Fiswick v. United States, supra*, 329 U.S., at 217, 67 S.Ct., at 227; *Wong Sun v. United States*, 371 U.S. 471, 490, 83 S.Ct. 407, 418-419, 9 L.Ed.2d 441

(1963). *See generally* 4 J. Wigmore, Evidence ss 1077-1079 (Chadbourne rev. 1972).

*Id.*. The government's confusing co-conspirator "statements" versus "acts" is clearly noted by *Anderson*:

> But, as the Court emphasized in *Lutwak*, the requirement that out-of-court declarations by a conspirator be shown to have been made while the *conspiracy charged* was still in progress and in furtherance thereof arises only because the declaration would otherwise be hearsay. The ongoing conspiracy requirement is therefore inapplicable to evidence, such as that of *acts of alleged conspirators*, which would not otherwise be hearsay. Thus the Court concluded in Lutwak that *acts* of one alleged conspirator could be admitted into evidence against the other conspirators, if relevant to prove the existence of the conspiracy, 'even though they might have occurred after the conspiracy ended.' 344 U.S., at 618, 73 S.Ct., at 489. *See also United States v. Chase*, 372 F.2d 453 (CA4 1967); Note, Developments in the Law-Criminal Conspiracy, 72 Harv.L.Rev. 920, 988 (1959).

*Id.*

Therefore, because the co-conspirator *statements* (not "acts") sought to be admitted by the government occurred *after* the charged conspiracy, they are inadmissible under Rule 801(d)(2)(E).

### B.    the calls were not in furtherance of the conspiracy

For the purposes of this opposition, Micolta will focus on the 2006 Call, which took place after the conspiracy charged in the superseding indictment. The government agues that the call is in furtherance of the conspiracy because it "in some way encourages a co-conspirator's continued participation in the conspiracy, provides updated information of others involved in the conspiracy, or provides key information about others involved in the conspiracy." (Gov. Mot. at 9).

The government argues that in the 2006 Call, "Micolta attempts to suggest to Rayo an alternate drug route to bring cocaine into the United States from Mexico." Of course, this fits nicely with the government's conspiracy. However, on its face, the call refers to a

4

smuggling route for *people*, not *cocaine*:

> Yes, those are things you save for when something comes up that somebody wants crossed over. It is very simple, very simple. No rivers. No containers. You come with … I mean, *my friends who work with me, they live in Tijuana. They go over there every single weekend.*

(2006 Call at 2). The government includes a litany of topics and cursorily argues, without explanation, that these "topics can easily be interpreted as, first, motivating another co-conspirator to continue to participate in the conspiracy, and, second, warning another co-conspirator that the specific actions [sic]." (Gov. Mot. At 10). The government simply fails to establish how any of these "topics" was in furtherance of the charged conspiracy.

**WHEREFORE**, for the foregoing reasons and any others that may become apparent to the Court, Micolta respectfully requests that the government's Motion be **DENIED.**

Dated: Washington, DC
June 25, 2008

Respectfully submitted,

**LAW OFFICE OF A. EDUARDO BALAREZO**
**/s/**
_____
A. Eduardo Balarezo (D.C. Bar No. 462659)
400 Fifth Street, N.W.
Suite 300
Washington, D.C. 20001
(202) 639-0999 (tel)
(202) 639-0899 (fax)

*Attorney for Jaime Micolta Hurtado*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of June 2008 I caused a true and correct copy of the foregoing Defendant Micolta Hurtado's Opposition to the Government's Motion in Limine Seeking Admission of Telephone Calls Occurring in Furtherance of the Charged Conspiracy to be delivered to the Parties in this case via Electronic Case Filing.

/s/
_____
A. Eduardo Balarezo