# JURY INSTRUCTION NO. 17

## TESTIMONY REGARDING PLEAS ENTERED INTO BY WITNESSES

You have heard testimony from certain government witnesses who pled guilty to charges arising out of the same facts as this case. You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendants on trial from the fact that a prosecution witness pled guilty to similar charges. That witness' decision to plead guilty was a personal decision about his or her own guilt. It may not be used by you in any way as evidence against or unfavorable to the defendants on trial here.

You have heard evidence that some of the defendants in this case pleaded guilty to certain criminal acts with which they had been charged in separate proceedings. Evidence of those guilty pleas has been introduced in the form of transcripts of court proceedings or plea agreements in which the defendants admitted to the criminal conduct at issue in those cases. Each defendant's admission of his own criminal conduct in a guilty plea proceeding or plea agreement is to be considered by you only as evidence against that particular defendant. It is not evidence of the guilt of any other defendant.

## Instruction 2.24 INFORMER'S TESTIMONY

You have heard evidence that Miguel Mosquera is an informer. He has an arrangement with the government to help the government obtain information. In exchange, he receives money and other personal benefits. The use of such persons is a recognized means of detecting criminal conduct and the government is permitted to call such persons as witnesses.

However, when an informer testifies, his testimony should be considered with caution. You may consider whether the benefit this person receives from the government has motivated him to testify falsely against the defendant. You should give the testimony as much weight as in your judgment it deserves.

## JURY INSTRUCTION NO. __

## COMMUNICATIONS AMONG DEFENDANTS' COUNSEL
## AND DUTY OF DEFENSE COUNSEL

At times throughout the trial you have heard one defense attorney ask questions regarding a defendant other than his client and to make various objections and argument on behalf of a defendant not his client. Every criminal defendant in every criminal case is entitled to effective assistance of counsel. Effective assistance of counsel includes the right to confront any person who takes the witness stand and testifies for the prosecution. Whether or not to cross-examine any witness is a matter of strategic choice to be made by counsel for each defendant. You may not reach any negative inference from any defendant's decision to cross-examine or to refrain from cross-examination of any witness. In addition, you may have also noted throughout the trial that counsel for the defendants have consulted with each other and may have divided tasks to expedite the case and minimize duplication.

Indeed, in a case of this length, it's natural for defense counsel to cooperate and consult with one another. These circumstances do not mean that you should regard the defendants as one person or entity. Each defendant is entitled to your separate consideration. It is the duty of an attorney representing a defendant in a criminal case to investigate the facts of the charges against his or her client to the fullest extent possible. Such investigation properly includes locating, interviewing and taking statements from potential witnesses, either for or against the defendant.

## II. CRIME CHARGED IN INDICTMENT

## JURY INSTRUCTION NO. 33

### COUNT 1 - CONSPIRACY TO IMPORT FIVE KILOGRAMS OR MORE OF COCAINE INTO THE UNITED STATES OR TO MANUFACTURE AND DISTRIBUTE FIVE KILOGRAMS OR MORE OF COCAINE INTENDING OR KNOWING THAT SUCH COCAINE WOULD BE IMPORTED INTO THE UNITED STATES

Count 1 of the Indictment charges that from sometime in January 1990 and continuing up to at least February 22, 2006, the defendant, Jaime Micolta Hurtado, in the United States, in the Republic of Colombia, and in the Republic of Panama, and elsewhere, did unlawfully, knowingly, and intentionally combine, conspire, confederate, and agree with other persons named in the Indictment, as well as others known and unknown, to unlawfully, knowingly, and intentionally import file kilograms or more of a mixture and substance containing a detectable amount of cocaine into the United States from the Republics of Colombia, Mexico, Panama and elsewhere; or to manufacture and distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine intending that such substance would be unlawfully imported into the United States.  The court has previously defined "Knowing" in Jury Instruction No. ___.  The word "distribute" means to transfer or attempt to transfer to another person.  It is not necessary that the defendant received or expected to receive anything of value in return.

The conspiracy charged in Count 1 of the indictment is a separate and different offense from the underlying crimes that are the alleged purpose of the conspiracy.  A conspiracy to commit a crime is itself a crime.  This is so because the essence of the offense of conspiracy is an unlawful agreement or understanding between two or more people to violate some law or laws, and it is against the law to agree with someone else to commit a crime, even if the crime itself was never completed.

Because the crime of conspiracy is an entirely separate and different offense from the underlying crimes that are the conspiracy's purpose, you may find a defendant guilty of the crime of conspiracy to commit a crime even if that underlying crime was never committed. A conspiracy is simply a combination of two or more persons to accomplish an unlawful purpose. It is a kind of partnership in crime. Nonetheless, you must consider separately each alleged conspirator's participation. For you to find the defendant guilty of conspiracy, the government must prove each of the following elements beyond a reasonable doubt:

First Element

First, that at some time between January 1990 and continuing up to and including at least February 22, 2006, an agreement existed between at least two people to commit a crime, namely, a conspiracy with one or both of these two objectives: (1) to import cocaine into the United States, or (2) to manufacture and distribute cocaine, knowing or intending that such cocaine would be unlawfully imported into the United States.

The agreement does not have to be in writing, or even to be an express or formal plan in which everyone who was involved sat down together and worked out all the details. The agreement may be very informal, and the existence of such an agreement may have to be inferred from the circumstances and conduct of the parties, because conspiracies ordinarily are characterized by secrecy. On the other hand, merely because people get together and talk about common interests, or do similar things does not necessarily show a conspiracy. It is enough that the government proves beyond a reasonable doubt that there was a common understanding among those who were involved to commit the crime of conspiracy. So, the first thing that must be shown is the existence of an agreement.

It is not essential that the government prove that the conspiracy began or ended on the

specific dates set forth in the indictment, or that the conspiracy was in existence for any particular length of time, or that all the parties named in the indictment were part of the conspiracy, or that the conspiracy involved both cocaine and cocaine base. The government is required to prove beyond a reasonable doubt, however, that the charged conspiracy to distribute controlled substances existed in fact for some time within the period set forth in the indictment, beginning in January 1990 up to an including February 22, 2006.

<u>Second Element</u>

The second element of the offense is that a particular defendant knowingly and willfully participated in the conspiracy and did so with the specific intent to import cocaine into the United States; or manufactured and distributed cocaine knowing or intending that such cocaine would be unlawfully imported into the United States. The government must show a defendant's membership in the conspiracy. The defendant need not know the identities or the number of all the other members of the conspiracy, nor all of the details of the conspiracy, nor the means by which its purposes were to be accomplished. Each member of the conspiracy may perform separate and distinct acts. It is necessary, however, that the government prove beyond a reasonable doubt that the defendant was aware of the common purpose to possess with intent to distribute and distribute a controlled substance, had knowledge that the conspiracy existed, and was a willing participant with the intent to advance the purposes of the conspiracy.

An act is done willfully if it is done knowingly, intentionally, and deliberately. In other words, before you may find that a defendant has become a member of a conspiracy, the evidence in the case must prove to you beyond a reasonable doubt that the defendant knowingly participated in the unlawful plan with the intent to advance or further some objective or purpose of the conspiracy. To participate knowingly means to do so voluntarily and intentionally, and

with the specific intent to do something that is against the law, and not because of mistake, inadvertence, or accident. Although one may become a member of a conspiracy without full knowledge of all the details, a person who has no knowledge of or intent to join the conspiracy, but just happens to act in a way that is of benefit to the conspiracy, or to a conspirator, does not thereby himself become a conspirator.  Also, merely knowing about the agreement itself, without more, does not make the defendant part of the conspiracy.  Evidence of friendship or association, or even familial relationship with alleged conspirators, without evidence of knowing participation does not permit an inference of guilt.

It is not necessary that the government prove that a defendant was a member of the conspiracy from its beginning.  Different persons may become members of the conspiracy at different times.  One who knowingly joins an existing conspiracy is charged with the same blame or culpability as though he had been one of the original members of the conspiracy.  And you are reminded that it is not necessary in order to convict a defendant of a charge of conspiracy that the objectives or purposes of the conspiracy were achieved or accomplished. The ultimate success or failure of the conspiracy is irrelevant.  You must, of course, first determine whether the government has proved beyond a reasonable doubt that a conspiracy existed.

In finding whether the government has proved beyond a reasonable doubt the alleged conspiracy, you should understand that proof of several, separate conspiracies is not proof of the single, overall conspiracy charged in the indictment unless one of the several conspiracies proved is the single conspiracy that the indictment charges.  What you must do is determine whether the single conspiracy charged in the indictment existed between two or more conspirators.  If you find that no such conspiracy existed, then you must acquit the defendant as to that charge. However, if you are satisfied that such a conspiracy existed, you must determine who were the

members of that conspiracy. If you find that a particular defendant is a member of another conspiracy, not the one charged in the indictment, then you must acquit the defendant. In other words, to find a defendant guilty you must find that he was a member of the conspiracy charged in the indictment and not some other, separate conspiracy.

You also may consider even non-criminal acts and the statements of any other member of the alleged conspiracy during and in furtherance of the conspiracy as evidence against a defendant whom you have found to be a member of it. When people enter into a conspiracy, and thus act as agents for each other, the acts or statements of one conspirator during the existence of the conspiracy are considered the acts or statements of all the other conspirators and can be regarded as evidence against them all. In this connection, I refer you to the court's instruction on co-conspirator statements. (*See* Jury Instruction No. __)

Drug Quantity

Finally, if you return a guilty verdict on the defendant on Count 1, you must then make a determination as to the quantity of cocaine for which the defendant is responsible. You will be asked to complete a verdict form specifying whether the government has proven beyond a reasonable doubt whether a mixture or substance containing or including cocaine exceeded a specified quantity, expressed in grams, that you have found the defendant conspired to import into the United States, or conspired to manufacture or distribute such quantity of cocaine, knowing or intending that such quantity of cocaine would be unlawfully imported into the United States.

Specifically, the verdict form asks you to decide whether the amount of cocaine was:

1. Five kilograms (5000 grams) or more of mixtures and substances containing a detectable amount of cocaine. If you are unable to find unanimously that the

    amount of cocaine exceeded five kilograms, then you should consider whether the drug quantity was:

2. More than five hundred (500) grams but less than five kilograms (5000 grams) of mixtures and substances containing a detectable amount of cocaine. If you are unable to find unanimously that the quantity of cocaine exceeded five hundred (500) grams but was less than five kilograms (5000 grams), then you should consider whether the drug quantity was:

3. Less than five hundred (500) grams of mixtures and substances containing a detectable amount of cocaine.

Your decision whether one of these three drug quantity ranges has been proven beyond a reasonable doubt must be unanimous.

In making the determination of drug quantities attributable to the defendant, you are instructed that the defendant is responsible for the cocaine that he agreed would be imported into the United States or manufactured and distributed knowing or intending that such cocaine would be imported into the United States, and that those cocaine amounts imported into the United States or manufactured and distributed by other co-conspirators who knew or intended such cocaine to be imported into the United States, which the defendant reasonably could have foreseen would occur in furtherance of the conspiracy. In other words, a defendant is responsible for not only his own actions but also for those of his co-conspirators if those actions were known or reasonably foreseeable to the defendant. Thus, for example, you may count amounts of cocaine imported into the United States by the defendant, and amounts of cocaine that the defendant could reasonably foresee would be imported into the United States by all of his co-conspirators during the course of the conspiracy. In calculating drug quantities, you may

rely on direct as well as circumstantial evidence, and you may rely on the testimony of any witness on this issue. I further instruct you that the government is not required to have seized or physically produced the cocaine in order to be included in your calculations.

Case 1:05-cr-00316-ESH    Document 164-2    Filed 07/01/2008    Page 10 of 15

**JURY INSTRUCTION NO. \_\_\_\_**

**DEFENDANTS' THEORY OF THE CASE**

As to the defendant, I charge you that you should consider his theory of the case with respect to the one count in the indictment.  It is defendant' theory of the case that he is innocent of the charged offense.  Specifically, defendant denies that he was involved in the conspiracy charged in the indictment.

**Instruction 2.23 TESTIMONY OF IMMUNIZED WITNESS**

[Instruction 2.225 in 1978 Edition]

You have heard evidence that Miguel Mosquero and Carlos Rojas have received immunity. What this means is that their testimony may not be used against them in any criminal case. You should consider whether such testimony may be colored in such a way as to further the witness' own interest, for a witness who realizes that he may avoid prosecution by incriminating another may have a motive to lie.  However, you may also consider that the witnesses are under the same obligation to tell the truth as is any other witness, because the grant of immunity does not protect them against a prosecution for perjury or false statement, should they lie under oath.

The testimony of a witness as to whom immunity has been granted should be received with caution and scrutinized with care. You should give the testimony such weight as in your judgment it is fairly entitled to receive.

**JURY INSTRUCTION NO. \_\_\_**

**NUMBER OF WITNESSES [2.13]**

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side.  Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses to believe.  It is possible that you may find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side.

## JURY INSTRUCTION NO. 14

## REASONABLE DOUBT [2.09]

In a criminal case, the government has the burden of proving a defendant guilty beyond a reasonable doubt. In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases that its truth is highly probable. In criminal cases, such as this one, the government's proof must be more powerful than that. It must be beyond a reasonable doubt.

Reasonable doubt, as the name implies, is a doubt based upon reason -- a doubt for which you have a reason based upon the evidence or lack of evidence in the case. If, after careful, honest and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based upon speculation or guesswork; it is a doubt based upon reason. The government is not required to prove guilt beyond all doubt or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

# JURY INSTRUCTION NO. 18

## WITNESS WITH A PLEA AGREEMENT [2.22A]

A number of government witnesses (Jackson Orozco-Gil, Domingo Micolta-Hurtado and Fidel Sandoval-Rosero) have pled guilty to various criminal charges -- both those arising out of this case, as well as others unrelated to this case –- and are awaiting sentencing. Those guilty pleas were entered pursuant to "plea agreements" with the government by which the witnesses agreed to furnish the government with information and to testify as a government witness, and in exchange, the government agreed to confer certain benefits upon them, such as dismissing some charges against these witnesses and agreeing not to prosecute them on other charges.

The government is permitted to enter into this kind of plea agreement. You, in turn, may accept the testimony of such a witness and convict a defendant on the basis of this testimony alone, if it convinces you of the defendant's guilt beyond a reasonable doubt. Witnesses who have entered into a plea agreement are under the same obligation to tell the truth as is any other witness, because the plea agreement does not protect them against a prosecution for perjury or false statement, should they lie under oath.

A witness' guilty plea and plea agreement cannot be considered by you as any evidence of a defendant's guilt or innocence. A witness' guilty plea or plea agreement can be considered by you only for the purpose of determining how much, if at all, to rely upon the witness' testimony.