UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 05-CR-316(4) (ESH) |
| | : | |
| **JAIME MICOLTA HURTADO** | : | |

**DEFENDANT'S OBJECTIONS TO PROPOSED JURY INSTRUCTIONS AND REQUEST FOR ADDITIONAL INSTRUCTIONS**

1.  Defendant Jaime Micolta Hurtado, by and through undersigned counsel, hereby respectfully objects to the proposed instructions and requests additional instructions as follows:

    a.  Instruction No. 17: Defendant requests that the instruction include language to the effect that some government witnesses pled guilty to charges in separate proceedings (i.e., the Miami indictment) that were unrelated to this case.

    b.  Instruction No. 18: Defendant objects to the entire first paragraph, in particular the language stating that the witnesses "agreed to testify truthfully in this case." This language impermissibly bolsters the credibility of the cooperators. Defendant requests that this phrase be substituted with:

    > agreed to furnish the government with information and to testify as a government witness

Additionally, Defendant requests that the insertion of the following at the beginning of the third paragraph:

> A witness' plea agreement or guilty plea cannot be considered by you as evidence of defendant's guilt.

        c.    Instruction No. 36: As a general matter, Defendant objects the mention throughout the instructions of the phrase "manufacture *or* distribute." The indictment charges "manufacture *and* distribute."

        Defendant objects to the language in the second paragraph of page 41 stating "What you must do is determine whether the single conspiracy charged in the indictment existed between two or more co-conspirators" and the language of the first sentence in the last paragraph on page 42 stating "It is not essential that the prosecution prove that the conspiracy began or ended on the specific dates set forth in the indictment." These two directives to the jury are internally inconsistent and confusing. Furthermore, the inclusion of the second sentenced noted in effect eviscerates the multiple conspiracy instruction because the jury is instructed that the government does not have to prove the conspiracy as set forth in the indictment (including by the date). Therefore, how can the jury determine whether there are multiple conspiracies separate from that charged?

        Defendant objects to the fourth factor listed on page 42. "Whether a main player coordinated the drug importation and distribution enterprise" is not a factor as set forth in *United States v. Tarantino*, 846 F.2d 1384, 1393 (D.C. Cir. 1988). In Tarantino, the Court of Appeals merely noted that "A single conspiracy conviction has been upheld, however, despite a 'lack of significant overlap of some participants' when strong evidence established that a main player coordinated the narcotics importation and distribution enterprise. *United States v. Champion,* 813 F.2d 1154, 1166-67 (11th Cir. 1987). That only the first three (common goal, interdependence, overlap) are proper factors to consider is evident in now-Chief Judge Lamberth's opinion in *United States v. Thomas*, 525 F. Supp.2d 17, 22 (D.D.C. 2007):

> In order to determine whether the evidence at trial established a single chain conspiracy or multiple independent conspiracies, the Court must

2

consider a variety of factors. First, and most important, is "whether the conspirators share a common goal, such as the possession and distribution of narcotics for profit." *Tarantino,* 846 F.2d at 1393 (internal citations omitted). Second, the Court must consider the degree of dependence among the co-conspirators. *Id.* (internal citations omitted). Third, and least significant, is whether there exists any "overlap of participants in the various operations claimed to comprise a single conspiracy." *Id.* at 1393 (internal citation omitted). When considering each of these factors, the Court must also be mindful of the longstanding precedent that "participants in a continuous drug distribution enterprise can be parties to a single conspiracy even if they do not all know one another, so long as [the evidence shows that] each knows that his own role in the distribution of drugs and the benefits he derives from his participation depend on the activities of the others." *United States v. Childress,* 58 F.3d 693, 709-10 (D.C. Cir.1995).

Considering the evidence presented in this case that Pablo Rayo was the head of a narcotics trafficking conspiracy and his overwhelming presence in the trial despite his physical absence, inclusion of the fourth "factor" directs the jury to overlook that there is abundant evidence of multiple conspiracies.

**WHEREFORE**, Jones respectfully requests that the Honorable Court instruct the jury as noted.

Dated:  Washington, DC
        July 3, 2008                         Respectfully submitted,

                                             **LAW OFFICE OF A. EDUARDO BALAREZO**

                                                     /s/
                                             By: _____
                                                 A. Eduardo Balarezo (Bar # 462659)
                                                 400 Fifth Street, NW
                                                 Suite 300
                                                 Washington, DC  20001
                                                 (202) 639-0999

                                             *Counsel for Jaime Micolta Hurtado*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of July 2008, I caused a true and correct copy of the foregoing Defendant's Objections to Proposed Jury Instructions and Requests for Other Instructions to be delivered to the parties in this matter via Electronic Case Filing (ECF).

/s/
_____
A. Eduardo Balarezo