UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 05-CR-316 (ESH) |
| | : | |
| JAIME MICOLTA HURTADO | : | |
| | : | |
| *Defendant.* | : | |

**DEFENDANT'S MOTION FOR A MISTRIAL**

Defendant Jaime Micolta Hurtado ("Micolta"), by and through undersigned counsel, respectfully moves the Honorable Court to declare a mistrial. As grounds for this motion, defendant submits the following:

**FACTS**

Trial in this matter began on June 18. Closing arguments concluded on July 7, 2007, and the jury began deliberations that afternoon. On July 10, 2007, two problems arose with jurors. Juror 3's mother had a heart attack that morning and the juror arrived one hour late for deliberations. Shortly after her arrival, Juror 2 became ill from asthma and went to the hospital. The Court excused the jury to return the next day, July 11. The Court also had the next alternate juror, Juror 6, come in in the event that a substitution was needed. On the morning of July 11, Juror 2 informed the Court that she could be present the following Monday, July 14.

On the morning of July 11, while a hearing was held concerning what to do with the jury, it became apparent that the alternate juror, Juror 6, has been allowed to mingle with the deliberating jury in the jury room. Counsel objected to this situation and the Court inquired of Juror 6 whether any deliberations had been held with her present. Juror 6 denied any such deliberations. Nevertheless, because the sanctity of the jury room has been violated, Mr. Micolta respectfully moves for a mistrial.

## ARGUMENT

Normally, it is improper for anyone other than jurors to be present in the jury room once they have retired to deliberate. *See. e.g., United States v. Freeman*, 634 F.2d 1267 (10th Cir. 1980). "Once the prescribed number of jurors becomes 'the jury,' then, and immediately, any other persons are strangers to its proceedings. Their presence destroys the sanctity of the jury and a mistrial is necessary." *United States v. Beasley*, 464 F.2d 468, 470 (10th Cir. 1972). Here, alternate Juror 6 was improperly allowed to congregate with the sitting jury. Although she denied any deliberations in her presence, there is no way of knowing to what comments or personal opinions about the case she may have been subjected.

Dated: Washington, DC
      July 13, 2008

Respectfully submitted,

**LAW OFFICE OF A. EDUARDO BALAREZO**

/s/

_____
A. Eduardo Balarezo (D.C. Bar No. 462659)
400 Fifth Street, N.W.
Suite 300
Washington, D.C. 20001
(202) 639-0999 (tel)
(202) 639-0899 (fax)

*Attorney for Jaime Micolta Hurtado*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of July 2008 I caused a true and correct copy of the foregoing Defendant's Motion for Mistrial to be delivered to the Parties in this case via Electronic Case Filing.

/s/

_____
A. Eduardo Balarezo