UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JUL 2 2 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| JAIME MICOLTA-HURTADO, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Criminal No. 05-316 (ESH)

## FINAL JURY INSTRUCTIONS

Jury instructions as given by the court in the above-captioned case.

Date __7/21/08__

_Ellen S. Huvelle_
ELLEN S. HUVELLE
United States District Judge

## I.  GENERAL INSTRUCTIONS & DEFINITIONS

### JURY INSTRUCTION NO.  1

Members of the jury, you are about to enter your final duty in this case which is to decide the issues of fact and to return a verdict as to the defendant's innocence or guilt.  I told you at the very start of the trial that your principal function during the taking of testimony would be to listen carefully and to observe each witness who testified.  It has been obvious to me and to counsel that you have conscientiously discharged this duty.  I ask you now to give me that same careful attention as I instruct you on the law applicable to this case.

## JURY INSTRUCTION NO. 2

## FUNCTION OF THE COURT [2.01]

The function of the court is to conduct the trial of the case in an orderly, fair and efficient manner, to rule upon questions of law arising in the course of the trial, and to instruct you as to the law that applies in this case.

It is your duty to accept the law as I state it to you. You should consider all the instructions as a whole. You may not disregard any instruction, give special attention to any one instruction, or question the wisdom of any rule of law.

## JURY INSTRUCTION NO. 3

### FUNCTION OF THE JURY [2.02]

The function of the jury is to determine the facts. You are the sole and exclusive judges of the facts. You alone determine the weight, the effect and the value of the evidence and the credibility of the witnesses. You should determine the facts without prejudice, fear, sympathy or favor, solely from a fair consideration of the evidence. You should not be improperly influenced by anyone's race, ethnic origin, religion, gender or any other irrelevant consideration. The actions of the court during the trial in ruling on motions or objections by counsel or in comments to counsel or in questions to witnesses or in setting forth the law in these instructions are not to be taken by you as any indication of my opinion as to how you should determine the issues of fact. You should not take anything I may have said or done as indicating how I think you should decide this case. If you believe I have expressed or intimated any opinion as to the facts, you should ignore it. What the verdicts will be is your sole and exclusive duty and responsibility.

In determining the facts, the jury is reminded that before each member was accepted and sworn to act as to a juror, he or she was asked questions concerning competency, qualifications, fairness and freedom from prejudice and bias. On the faith of those answers, each of you was accepted as a juror by the parties. Therefore, those answers are as binding on each of you now as they were then, and should remain so, until the jury is discharged from consideration of this case.

## JURY INSTRUCTION NO. 4

## JURY'S RECOLLECTION CONTROLS [2.03]

If any reference by the court or by counsel to matters of evidence does not coincide with your own memory of the evidence, I instruct you that it is your memory that should control during your deliberations.

## JURY INSTRUCTION NO. 5

### NOTETAKING [1.02]

During the trial I have permitted those jurors who wanted to do so to take notes. You may take your notes with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory, and they should not replace your memory. Those jurors who have not taken notes should rely on their own memory of the evidence and should not be influenced by another juror's notes, if the notes do not coincide with their memory. The notes are intended to be for the notetaker's own personal use. At the end of your deliberations, the clerk will collect your notebooks and pencils when you return to the courtroom. Your notes will be destroyed immediately after the trial. No one, including myself, will ever look at your notes.

## JURY INSTRUCTION NO. 6

## NATURE OF CHARGES NOT TO BE CONSIDERED [2.14]

You are specifically cautioned against permitting the character of the charged count to affect your minds in arriving at your verdict. You must permit only the evidence in this case to enter into your deliberations and findings in rendering a fair and impartial verdict.

**JURY INSTRUCTION NO. 7**

**INDICTMENT NOT EVIDENCE [2.06]**

The Court will now read the indictment to you so that you know what the charges are here. A copy of the indictment will also be given to you during your deliberations. However, you are reminded that the indictment is not evidence. An indictment is merely the formal manner of accusing a person of a crime in order to bring him to trial. You must not use the indictment for any purpose other than informing yourselves of the charge you are to consider. In other words, you may not regard the indictment as tending to prove a defendant's guilt or draw any inference of guilt from it. [COURT READS INDICTMENT]

**JURY INSTRUCTION NO. 8**

**WHERE CHARGES ARE NO LONGER PENDING AGAINST A CO-DEFENDANT MID-TRIAL [1.17]**

The charges against Juan Carlos Gomez Santos are no longer pending. They are no longer of concern to you. These charges should not in any way influence your verdict regarding the guilt or innocence of the remaining defendant, Jaime Micolta-Hurtado. You must base your verdict solely on the evidence admitted that pertains to the remaining defendant, Jaime Micolta-Hurtado.

**JURY INSTRUCTION NO. 9**

**EVIDENCE IN THE CASE [1.04 and 2.04]**

The evidence in this case consists of the sworn testimony of the witnesses, the exhibits received into evidence, and the facts stipulated to by the parties. The government and the defendant has stipulated, that is agreed to certain facts. Any stipulation of fact is undisputed evidence and you may consider it proven.

Although you are to consider only the evidence in the case, in your consideration of the evidence you are not limited to the literal words uttered by the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts that you find have been proved by their testimony, such reasonable inferences as you feel are justified in the light of your experience.

## JURY INSTRUCTION NO. 10

## STATEMENTS AND QUESTIONS BY COUNSEL [2.05]

The questions put to the witnesses by counsel are not part of the evidence in the case.  If a lawyer asked a witness a question that contains an assertion of fact, you may not consider the assertion as evidence of that fact unless the fact is elsewhere established by the evidence or the witness adopts the fact in answering the question.  The opening statements and closing arguments of counsel are also not evidence.  They are only intended to assist you in understanding the evidence and the contentions of the parties.

**JURY INSTRUCTION NO. 11**

**INADMISSIBLE AND STRICKEN EVIDENCE [2.07]**

The lawyers in this case sometimes objected when the other side asked a question, made an argument or offered evidence that the objecting lawyer believed was not proper. You must not be prejudiced against the lawyer who made the objections. It's the duty of counsel to object when the other side offers testimony or other evidence that counsel believes is not properly admissible.

If during the course of the trial I sustained an objection by one lawyer to a question asked by another, you are to disregard the question, and you must not speculate as to what the answer would have been.

If after a question was asked and an answer given by a witness, the court ruled that the objection was sustained, you are to disregard both the question and the answer in your deliberations. Likewise, any other matters to which the court has sustained an objection or which the court has ordered you to disregard are not evidence and you must not consider them.

## JURY INSTRUCTION NO. 12

## DIRECT AND CIRCUMSTANTIAL EVIDENCE [2.10]

You will recall that I told you that you were permitted to draw reasonable inferences from the testimony of the witnesses. That is because the law recognizes two types of evidence from which you may find the truth as to the facts of a case: direct evidence and circumstantial evidence.

Direct evidence is the testimony of a person who asserts actual knowledge of a fact, such as an eyewitness who testifies to what he saw or a participant who testifies as to what he did. Circumstantial evidence is proof of a chain of facts and circumstances that enable you to draw inferences that may indicate the guilt or innocence of a defendant. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. No greater degree of certainty is required of circumstantial evidence than of direct evidence. In reaching a verdict in this case, you should weigh all of the evidence presented, whether it is direct or circumstantial.

**JURY INSTRUCTION NO. 13**

**BURDEN OF PROOF [2.08]**

Now I must instruct you on the burden of proof. Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until he is proven guilty beyond a reasonable doubt. The burden is on the government to prove the guilt of the defendant on the offense charged in the indictment beyond a reasonable doubt. This burden of proof never shifts to the defendant throughout the trial. The law does not require a defendant to prove his innocence or to produce any evidence. If you find that the government has proven beyond a reasonable doubt every element of an offense with which a defendant is charged, it is your duty to find him guilty of that offense. On the other hand, if you find the government has failed to prove any element of an offense beyond a reasonable doubt, you must find the defendant not guilty of that offense.

## JURY INSTRUCTION NO. 14

## REASONABLE DOUBT [2.09]

In a criminal case, the government has the burden of proving a defendant guilty beyond a reasonable doubt. In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases that its truth is highly probable. In criminal cases, such as this one, the government's proof must be more powerful than that. It must be beyond a reasonable doubt.

Reasonable doubt, as the name implies, is a doubt based upon reason -- a doubt for which you have a reason based upon the evidence or lack of evidence in the case. If, after careful, honest and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based upon speculation or guesswork; it is a doubt based upon reason. The government is not required to prove guilt beyond all doubt or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

## JURY INSTRUCTION NO. 15

## CREDIBILITY OF WITNESSES [2.11]

In determining whether the government has established the charges against a defendant beyond a reasonable doubt, you must consider and weigh the testimony of all the witnesses who have appeared before you.

You are the sole judge of the credibility of the witnesses. In other words, you alone are to determine whether to believe any witness and the extent to which any witness should be believed.

In reaching a conclusion as to the credibility of any witness, you may consider any matter that may have a bearing on the subject. You may consider the demeanor and the behavior of the witness on the witness stand; the witness' manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory; whether the witness has any motive for not telling the truth; whether the witness had a full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, or friendship or hostility toward other people concerned with this case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or transaction may see or hear it differently; an innocent mis-recollection, like a failure of recollection, is not an uncommon experience. In weighing the effect of the inconsistency or discrepancy, always consider whether it pertains to a matter of important or unimportant detail, and whether the inconsistency or discrepancy results from innocent error

-16-

or intentional falsehood.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other credible evidence.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

## JURY INSTRUCTION NO. 16

## ACCOMPLICE TESTIMONY [2.22]

Accomplices in the commission of a crime are competent witnesses and the government has a right to use them as witnesses. An accomplice is anyone who knowingly and voluntarily cooperates with, aids, assists, advises or encourages another person in the commission of a crime, regardless of his degree of participation. The testimony of an alleged accomplice should be received with caution and scrutinized with care. You should give it such weight as in your judgment it's fairly entitled to receive. You may convict a defendant upon the uncorroborated testimony of an alleged accomplice only if you believe that the testimony of the accomplice proves the guilt of the defendant beyond a reasonable doubt.

## JURY INSTRUCTION NO. 17

## TESTIMONY REGARDING PLEAS ENTERED INTO BY WITNESSES

You heard testimony from certain government witnesses who pled guilty. Evidence of those guilty pleas has been introduced in the form of plea agreements in which the witnesses admitted to the criminal conduct at issue in those cases. Each witness' admission of his own criminal conduct in a plea agreement is to be considered by you only as evidence against that particular witness. You are to draw no conclusions or inferences of any kind about the guilt of the defendant on trial from the fact that a prosecution witness pled guilty to similar charges. That witness' decision to plead guilty was a personal decision about his or her own guilt. It may not be used by you in any way as evidence against or unfavorable to the defendant on trial here.

**JURY INSTRUCTION NO. 18**

**WITNESS WITH A PLEA AGREEMENT [2.22A]**

You have heard evidence that Jackson Orozco-Gil, Domingo Micolta-Hurtado, and Fidel Sandoval-Rosero entered into plea agreements with the government pursuant to which they agreed to testify truthfully in this case and the government agreed to dismiss one or more charges against them, decline prosecution of one or more charges against them, and/or bring their cooperation to the attention of the sentencing court on the remaining charge(s).

The government is permitted to enter into this kind of plea agreement. You, in turn, may accept the testimony of such witnesses and convict the defendant on the basis of this testimony alone, if it convinces you of the defendant's guilt beyond a reasonable doubt. Witnesses who have entered into a plea agreement are under the same obligation to tell the truth as is any other witness, because the plea agreement does not protect them against a prosecution for perjury or false statement, should they lie under oath.

However, you may consider whether a witness who has entered into such an agreement has an interest different from other types of witnesses. You may consider whether the plea agreement the witness entered into with the government has motivated him/her to testify falsely against the defendant. The testimony of a witness who has entered into a plea agreement should be considered with caution. You should give the testimony as much weight as in your judgment it deserves.

## JURY INSTRUCTION NO. 19

### FEDERAL SENTENCING GUIDELINES

The Federal Sentencing Guidelines provide detailed rules which the court may apply in sentencing in federal criminal cases. In order to aid your understanding the testimony of certain witnesses and the specific provisions of their plea agreements, I will instruct you now as to some of the provisions which govern sentencing in federal criminal cases:

Federal sentencing guidelines are advisory to the court only and may be considered by the court in imposing an appropriate sentence. If the government files a motion seeking a sentencing departure pursuant to section 5K1.1 of the Guidelines on behalf of a cooperating witness, and if the judge grants such a motion, the sentencing judge may, but is not required, to select a lower guideline range and sentence the cooperating witness without regard to Guideline provisions which would otherwise be applicable. The court may also sentence outside the guideline range, either higher or lower, without a motion by the government, but it cannot sentence below the mandatory minimum without a departure motion filed under 18 U.S.C. § 3553(e).

If the Government also files a sentencing departure motion pursuant to the provisions of 18 U.S.C. § 3553(e), supporting the substantial assistance to law enforcement provided by a cooperating witness, and the court grants such a motion, then the sentencing judge may impose a sentence below any statutory minimum sentence otherwise applicable. But the court is free to ignore such a motion and may, if it chooses, sentence a cooperating witness at or above the minimum mandatory sentence.

**JURY INSTRUCTION NO. 20**

**IMPEACHMENT BY PROOF OF CONVICTION OF A CRIME -WITNESS [1.12]**

The testimony of a witness may be discredited or impeached by showing that he or she has been convicted of a crime. A witness's prior criminal conviction is admitted into evidence for your consideration in evaluating his or her credibility as a witness. You may consider the prior conviction in connection with your evaluation of the credence to be given the witness's present testimony in court.

**JURY INSTRUCTION NO. 21**

**RIGHT OF DEFENDANT NOT TO TESTIFY [2.27]**

Every defendant in a criminal case has an absolute right not to testify. The defendant has chosen to exercise the right to remain silent. You must not hold these decisions against him, and it would be improper for you to speculate as to the reason or reasons for his decisions, and I, therefore, instruct you not to do so. Most importantly, you must not draw any inference of guilt from the defendant's decision not to testify.

## JURY INSTRUCTION NO. 22

## EXPERT TESTIMONY [1.08]

The rules of evidence ordinarily do not permit witnesses to testify to their opinions or conclusions. They are limited to relating facts of which they have firsthand knowledge. An exception to those rules is made for witnesses who qualify as experts. An expert witness in a particular field is permitted to give his or her opinion in evidence. Witnesses who, by education and experience, have become expert in some art, science, profession, or calling, may state an opinion as to relevant and material matters in which they profess to be expert, and they also may state their reasons for their opinion. In this case, Michael Johnson and Michael Garland testified as experts.

You are not bound by the opinion of an expert. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, you may disregard the opinion in whole or in part. In other words, you should consider the witness's testimony in connection with the other evidence in the case and give it such weight, as, in your judgment, it is fairly entitled to receive.

## JURY INSTRUCTION NO. 23

## LAW ENFORCEMENT OFFICER'S TESTIMONY [2.26]

A law enforcement officer's testimony should be considered by you just as any other evidence in the case. In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because that witness is a law enforcement officer.

**JURY INSTRUCTION NO. 24**

**EVIDENCE ADMITTED AGAINST ONE DEFENDANT ONLY [2.55]**

During the trial, but before the disposal of the charges against Juan Carlos Gomez Santos, the testimony of witness Jackson Orozco-Gil regarding a meeting in 2006 between Orozco-Gil, Ivan Hurtado-Paz, "Buffalo," and Juan Carlos Gomez Santos, was admitted only with respect to Juan Carlos Gomez and not against the defendant, Jaime Micolta-Hurtado. This testimony has been stricken and cannot be considered by you.

**JURY INSTRUCTION NO. 25**

**WIRETAPS OR WIRE INTERCEPTIONS [3.10]**

During the course of this trial, you have heard certain recorded conversations which were obtained through the use of wire interceptions, commonly referred to as "wire taps." The term "intercept" means to obtain the contents of any wire or oral communication by using an intercepting device. The wire interceptions, or wiretaps, in this case were court-ordered, that is, they were approved by a judge, and the government's use of these interceptions was lawful. You will have the recorded conversations available during deliberations and you may listen to them if you wish. At the time you retire to deliberate I will arrange for you to be instructed about how to operate the equipment for playing these conversations.

## JURY INSTRUCTION NO. 26

## TRANSCRIPTS OF TAPE RECORDINGS [2.30]

During this trial you have used typewritten transcripts of translation from Spanish to English of the wire interceptions that could be heard in Government Exhibit 19, which has been received in evidence and played for you. These transcripts also purport to identify the speakers engaged in such conversations. The transcripts of the wire interceptions were admitted for the purpose of aiding you in following the content of the conversations as you listened to the wire interceptions which were spoken in Spanish and also to aid you in identifying the speakers. The transcripts have been certified by an interpreter. The parties have stipulated that this certified interpreter accurately translated the conversations between the speakers.

In a case involving English conversations which have been recorded, the jury is routinely instructed that they are not bound by the transcript. That is because every juror is just as capable as the person preparing the transcript to tell what is being said on the recording. That is not so with the recorded Spanish conversations that have been introduced in this case. Accordingly, I am now instructing you that the transcripts are guides prepared for you so that you can understand the Spanish language.

The transcripts have been provided to you in a binder. Government's Exhibit 19 represents all those recordings that were played for you in court by either the government or the defense.

-28-

## JURY INSTRUCTION NO. 27

## PROOF OF STATE OF MIND [3.02]

One of the elements of the offense upon which I will instruct you requires proof by the government of a certain "state of mind," signified by using terms like "intentional" or "knowing." Someone's intent or knowledge ordinarily cannot be proved directly because there is no way of looking directly into the workings of the human mind; however, you may infer a defendant's intent or knowledge from the surrounding circumstances, in other words, the circumstantial evidence.

You may consider any statements made or acts done or not done by a defendant, and all other facts and circumstances received in evidence that may indicate or tend to indicate a defendant's intent or knowledge. You may infer, but you are not required to infer, that a person intends the natural and probable consequences of acts knowingly done by him. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that a defendant acted with the necessary state of mind.

## JURY INSTRUCTION NO. 28

## CO-CONSPIRATOR STATEMENTS

During the course of this trial, you have heard a number of objections to testimony based on what the witness heard somebody else say. In some instances, out-of-court statements are considered hearsay and should be excluded. There are, however, some exceptions to the hearsay rule. In particular, certain statements made by coconspirators are not considered hearsay at all and are competent evidence for you to consider. With respect to this evidence, it is up to you to determine whether the statement was made at all, and what weight, if any, to give it.

## JURY INSTRUCTION NO. 29

## NUMBER OF WITNESSES [2.13]

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side.  Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe.  You may find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side.

**JURY INSTRUCTION NO. 30**

**TESTIMONY OF IMMUNIZED WITNESSES [2.23]**

You have heard evidence that Miguel Corella Mosquera and Carlos Rojas Sanchez have received immunity.  What this means is that the testimony of these witnesses may not be used against them in any criminal case.  You should consider whether such testimony may be colored in such a way as to further the witnesses' own interests, for the witnesses who realize that they may obtain their own freedom by incriminating another may have a motive to lie.  However, you may also consider that the witnesses are under the same obligation to tell the truth as any other witness, because the grant of immunity does not protect them against a prosecution for perjury or false statement, should they lie under oath.

The testimony of the witnesses as to whom immunity was given should be received with caution and scrutinized with care.  You should give the testimony such weight as in your judgment it is fairly entitled to receive.

## JURY INSTRUCTION NO. 31

## INFORMER'S TESTIMONY [2.24]

You have heard evidence that Miguel Corella Mosquera is an informer.  He has an arrangement with the government to help the government obtain information.  In exchange, he receives money and other personal benefits.  The use of such persons is a recognized means of detecting criminal conduct and the government is entitled to call such persons as witnesses.

However, when an informer testifies, his testimony should be examined with caution.  You may consider whether the benefit this person receives from the government has motivated him to testify falsely against the defendant.  You should give the testimony as much weight as in your judgment it deserves.

**JURY INSTRUCTION NO. 32**

**"KNOWINGLY" -- DEFINED**

When the word "knowingly" or the phrase "the defendant knew" is used in these
instructions, it means that a defendant realized what he was doing and was aware of the nature of
his conduct, and did not act through ignorance, mistake, or accident.

**JURY INSTRUCTION NO. 33**

**PRELIMINARY FACTS**

The law requires that the jury make findings of certain preliminary facts that must precede a finding of the ultimate fact of a defendant's guilt of the charged crime. All of you must be convinced beyond a reasonable doubt that they have been proved by the evidence in order to return a verdict of guilt. Otherwise, your verdict must be not guilty. In other words, your findings with respect to preliminary facts, although not recorded, must be unanimous.

The facts that you must find, but need not record, are known as elements. They refer to the component parts of a particular substantive crime. With respect to the conspiracy charged in Count 1, if you find the defendant guilty, that is, you find that such a conspiracy existed, and that he knowingly and willingly participated in it, you will have to go on to make and record findings as to whether the quantities of cocaine involved met or exceeded the amounts charged. These findings, like the verdict itself, must be based on proof beyond a reasonable doubt.

### JURY INSTRUCTION NO. 34

### IMPERMISSIBLE TO INFER PARTICIPATION
### FROM PRESENCE OR ASSOCIATION

You may not find that a defendant is guilty of participating in criminal conduct merely from the fact that he may have been present at the time and place a crime was being committed and had knowledge that it was being committed. Likewise, you may not find that a defendant is guilty of participating in criminal conduct merely from the fact that he associated with, was a friend or family member of, or lived with other people who were guilty of wrongdoing.

## JURY INSTRUCTION NO. 35

## DEFENDANTS' THEORY OF THE CASE

As to the defendant, I charge that you should consider his theory of the case with respect to the one count in the indictment. It is the defendant's theory of the case that he is innocent of the charged offense. Specifically, the defendant denies that he was involved in the conspiracy charged in the indictment.

## II. CRIME CHARGED IN INDICTMENT

### JURY INSTRUCTION NO. 36

### COUNT 1 - CONSPIRACY TO IMPORT FIVE KILOGRAMS OR MORE OF COCAINE INTO THE UNITED STATES OR TO DISTRIBUTE FIVE KILOGRAMS OR MORE OF COCAINE INTENDING OR KNOWING SUCH COCAINE WOULD BE BROUGHT INTO THE UNITED STATES

Count 1 of the indictment charges that from sometime in January 1990 and continuing up to and including at least February 22, 2006, the defendant – Jaime Micolta-Hurtado – did unlawfully, knowingly and intentionally combine, conspire, confederate and agree together and with other persons named in the Indictment, as well was others known and unknown to the grand jury, to unlawfully, knowingly, and intentionally import five kilograms or more of cocaine into the United States from Colombia, Mexico and elsewhere, or to distribute five kilograms or more of cocaine knowing or intending such cocaine would be brought into the United States. The Court has previously defined knowing in Jury Instruction No. 32. The word "intentional" means conduct that is purposeful and not accidental. To "import" a substance means to bring, introduce, or transport that substance into the United States from a place outside the United States. The word "distribute" means to transfer or attempt to transfer to another person. It is not necessary that a defendant receive or expect to receive anything of value in return.

A conspiracy charge is a separate and different offense from the underlying crimes that are the alleged purpose of the conspiracy. This is because it is an offense to conspire, or agree, with someone to commit a crime, even if that crime is never committed. So, a conspiracy is a combination of two or more persons to accomplish an unlawful purpose. It is a partnership in

-38-

crime. Nonetheless, you must consider separately each alleged conspirator's participation. Specifically, for you to find the defendant guilty of conspiracy, the government must prove each of the following elements beyond a reasonable doubt:

First, that at some time between January 1990 and continuing up to and including at least February 22, 2006, an agreement existed between at least two people to commit a crime, namely, a conspiracy with one or both of these two objectives: (1) to import cocaine into the United States, or (2) to distribute cocaine, knowing or intending that such cocaine would be unlawfully imported into the United States.

Second, that the defendant knowingly and willfully joined and participated in this conspiracy, that is consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently. In other words, ladies and gentlemen, the second element requires that the government must prove the defendant's membership in this conspiracy.

An agreement to constitute a conspiracy does not have to be in writing. It does not have to be an express or formal plan in which everyone who was involved sat down together and worked out all the details. This, of course, rarely, if ever, happens when illegal purposes are involved. The government must prove beyond a reasonable doubt that there was a common understanding or common undertaking among two or more people to commit a crime. Such an agreement need not be proved directly but it may be inferred from the circumstances and conduct of the parties, since ordinarily a conspiracy is characterized by secrecy.

In addition to finding an agreement between two or more people, you must all agree on the offense that the participants, including the defendant, agreed to commit. It is not necessary

for the government to prove that the participants intended to commit all of the offenses described

– that is, importing cocaine into the United States, or distributing cocaine with the knowledge or

intent that it would be imported into the United States.  It is sufficient if the government proves

beyond a reasonable doubt that the defendant agreed to commit one of those offenses.  But in that

event, in order to return a verdict of guilty, you must unanimously agree as to which offense the

participants agreed to commit.  Although the defendant need not know all aspects of the charged

conspiracy, the defendant must have known or intended that cocaine would be imported into the

United States.

     To be a member of the conspiracy, the defendant need not know the identities or the

number of all the other members of the conspiracy, nor all of the details of the conspiracy, or the

means by which its purposes were to be accomplished.  Each member of the conspiracy may

perform separate or distinct acts.  But it is necessary that the government prove beyond a

reasonable doubt that the defendant had knowledge that the conspiracy existed, was aware of the

common purpose, and was a willing participant with the intent or knowledge to advance the

purpose of the conspiracy.

     It is not necessary that the government prove that a particular alleged conspirator, from

the beginning, was aware of the common purpose and had knowledge that the conspiracy existed,

and was a member of the conspiracy.  Different persons may become members of the conspiracy,

at different times.  In addition, a defendant may be found to have been a member of a conspiracy

even though he was not apprised of all of the activities of the other members. Moreover, it is not

necessary, in order to convict the defendant of the charge of conspiracy, that the objectives or

purposes of the conspiracy were achieved or accomplished.

In addition, the government is not required to prove that the defendant committed an act in furtherance of the conspiracy. The essence of the offense of conspiracy is the agreement to commit a crime, not the commission of overt acts in furtherance of the agreement.

The government is required to prove that a conspiracy existed for some time within the period of the indictment. In finding whether the government has proved beyond a reasonable doubt the alleged conspiracy, you should understand that proof of several separate conspiracies is not proof of the single overall conspiracy charged in the indictment, unless one of the several conspiracies proved is the single conspiracy that the indictment charges. What you must do is determine whether the single conspiracy charged in the indictment existed between two or more co-conspirators. If you find that no such conspiracy existed, then you must acquit the defendant as to that charge. However, if you are satisfied that such a conspiracy existed, you must determine whether the defendant was a member of that conspiracy. To find the defendant guilty, you must find that he was a member of the conspiracy charged in the indictment and not some other, separate conspiracy.

In determining whether the conspiracy was a single or multiple conspiracy, you may consider whether the alleged conspirators shared a common purpose, such as to import or to distribute cocaine, intending or knowing that the cocaine would be imported into the United States, for profit or to enrich the members of the conspiracy. You also may consider the extent to which each alleged member of the conspiracy depended on each of the other alleged members in order to accomplish this common purpose; the degree to which there was overlap of participants

-41-

in the various operations of the conspiracy, such as the presence of core participants linked to the

conspirators; and the quality, frequency, and duration of each alleged conspirator's transactions.

You should not base your determination of the guilt or innocence on the extent of the

defendant's participation in the alleged conspiracy. The defendant may be convicted as a

conspirator even though he may have played a minor role in the conspiracy, or joined the

conspiracy after it was underway, provided that you find beyond a reasonable doubt that the

conspiracy existed, and that the defendant knowingly participated in the conspiracy with the

intent to advise, encourage or assist other conspirators. You need not find that all members of

the conspiracy were members at one time. For the defendant to be convicted as a conspirator, it

is sufficient if at some time during the course of the conspiracy, he was a member of the

conspiracy.

It is not essential that the prosecution prove that the conspiracy began or ended on the

specific dates set forth in the indictment. Rather, the government is required to prove beyond a

reasonable doubt that in fact a conspiracy existed for some time within the period set forth in the

indictment.

In summary, a conspiracy is a kind of partnership in crime. For the defendant to be

convicted of the crime of conspiracy, the government must prove two things beyond a reasonable

doubt: First, that there was an agreement to commit a crime; and second, that the defendant

intentionally joined that agreement.

<u>Co-Conspirator Acts and Statements</u>

Except as my instructions state otherwise, you may consider the acts and the statements

-42-

of any other member of the alleged conspiracy during and in furtherance of the conspiracy as evidence against a defendant whom you have found to be a member of it. When people enter into a conspiracy, the law considers them as agents for each other, at least when their acts or statements are intended to further the common purpose of the conspiracy. In such cases, such acts or statements of one conspirator during the existence of the conspiracy are considered to be the acts or statements of all the other conspirators and can be regarded as evidence against them all. In this regard, I refer you to the court's instruction on co-conspirator statements. (*See* Jury Instruction No. 28.)

Drug Quantity

Finally, if you return a guilty verdict on the defendant on Count 1, you must then make a determination as to the quantity of cocaine for which the defendant is responsible. You will be asked to complete a verdict form specifying whether the government has proven beyond a reasonable doubt whether a mixture or substance containing or including cocaine exceeded a specified quantity, expressed in grams, that you have found the defendant conspired to import into the United States, or conspired to distribute such quantity of cocaine, knowing or intending that such quantity of cocaine would be unlawfully imported into the United States.

Specifically, the verdict form asks you to decide whether the amount of cocaine was:

1.  Five kilograms (5000 grams) or more of mixtures and substances containing a detectable amount of cocaine. If you are unable to find unanimously that the amount of cocaine exceeded five kilograms, then you should consider whether the drug quantity was:

-43-

2.    More than five hundred (500) grams but less than five kilograms (5000 grams) of mixtures and substances containing a detectable amount of cocaine. If you are unable to find unanimously that the quantity of cocaine exceeded five hundred (500) grams but was less than five kilograms (5000 grams), then you should consider whether the drug quantity was:

3.    Less than five hundred (500) grams of mixtures and substances containing a detectable amount of cocaine.

Your decision whether one of these three drug quantity ranges has been proven beyond a reasonable doubt must be unanimous.

In making the determination of drug quantities attributable to the defendant, you are instructed that the defendant is responsible for those drugs that he agreed would be imported into the United States or distributed knowing or intending that such drugs would be imported into the United States, and those drug amounts imported into the United States or distributed by other co-conspirators who knew or intended such drugs to be imported into the United States, which the defendant reasonably could have foreseen would occur in furtherance of the conspiracy. In other words, a defendant is responsible for not only his own actions but also for those of his co-conspirators if those actions were known or reasonably foreseeable to the defendant. Thus, for example, you may count amounts of cocaine imported into the United States or amounts distributed, intending or knowing that they would be imported into the United States, by either the defendant or by his co-conspirators when the defendant allegedly was a participant in the conspiracy, if these amounts were reasonably foreseeable by the defendant. The drugs at issue

-44-

consist only (1) of those that were allegedly shipped from Colombia through Panama and Guatemala in 1998 and 1999 after the Defendant allegedly joined the conspiracy in 1998, and (2) of those that were allegedly shipped from Colombia to Mexico in 2000 and 2001 after the Defendant allegedly joined the conspiracy in 1998. In calculating drug quantities, you may rely on direct as well as circumstantial evidence, and you may rely on the testimony of any witness on this issue. I further instruct you that the government is not required to have seized or physically produced the cocaine in order to be included in your calculations. I also instruct you that cocaine is a Schedule II controlled substance.

### III.  JURY DELIBERATIONS

### JURY INSTRUCTION NO. 37

### ELECTION OF A FOREPERSON [2.71]

That completes my discussion of the substantive offenses.  Now I want to give you a few instructions about how you will conduct yourselves as jurors.  Before you begin your deliberations, there are a few general matters relating to your deliberations upon which I must instruct you.  When you retire to the jury room, you will select one from among your number to act as your foreperson.  The foreperson will preside over your deliberations and will be your spokesperson before the court in the event there is any matter about which you wish to communicate with the court.

**JURY INSTRUCTION NO. 38**

**UNANIMITY**

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to the verdict. In other words, your verdict must be unanimous. Each juror must agree on it. It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement if you can do so without doing violence to your own individual judgment.

Each of you must decide the case for himself or herself, but you must do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced that your opinion is erroneous. On the other hand, do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or merely to return a verdict. Remember at all times that you are not partisans; you are judges of the facts.

## JURY INSTRUCTION NO. 39

## PUNISHMENT NOT RELEVANT [2.74]

The question of possible punishment of a defendant in the event of conviction is no concern of the jury and should not enter into or influence your deliberations in any way. You should weigh the evidence in the case and determine the guilt or innocence of the defendant solely upon the basis of such evidence, without any consideration of the matter of punishment.

**JURY INSTRUCTION NO. 40**

**EXHIBITS [2.73]**

I am sending all of the exhibits that have been received in evidence with you as you retire

for your deliberations.  The exhibits that have been entered into evidence are labeled with letters

and numbers.  The system of labeling and numbering exhibits is simply to help the parties

organize the presentation of the case.  You are to attach no particular significance to the system

employed to label certain exhibits with letters and numbers or the fact that some exhibits are not

in sequence.

**JURY INSTRUCTION NO. 41**

**COMMUNICATIONS BETWEEN COURT AND JURY DURING
JURY'S DELIBERATIONS [2.75]**

If it becomes necessary during your deliberations to communicate with the court, you may send a note by the marshal signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing from the time you begin your deliberations, and I will not communicate with any member of the jury on any subject touching on the merits of the case except in writing or orally here in open court once you begin your deliberations.

If I get a note from you, I am going to respond here in the courtroom with counsel and all parties present. Everybody is entitled once you begin your deliberations to know any communications that we have between us. Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on the question of guilt or innocence of the defendant until after you have reached a unanimous verdict. This means, for example, that you should never state to the court that the jury is divided 6 to 6, 7 to 5, or 11 to 1, or in any other fashion, whether for conviction or acquittal.

**JURY INSTRUCTION NO. 42**

**VERDICT FORM [2.77]**

As I indicated earlier, a verdict form for the defendant has been prepared for your convenience. You will take this form to the jury room, and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date, and sign the form to state the verdict upon which you unanimously agree, and then return with your verdict to the courtroom.

**JURY INSTRUCTION NO. 43**

**FURNISHING JURY WITH A COPY OF INSTRUCTIONS [2.76]**

I have provided you with a written copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. Although you may refer to any particular portion of the instruction, you are to consider the instructions as a whole, and you may not follow some and ignore others. The fact that you have been provided with a copy of my instructions should not discourage you from making an inquiry regarding the meaning of these instructions if necessary. Please return the instructions to me when your verdict is rendered.

## JURY INSTRUCTION NO. 44

## COURT PROCEEDINGS DURING DELIBERATIONS

I would like to talk a little bit about how court will convene while you deliberate. First, during the period of deliberations, we will convene in court each day the same way we have, Monday through Friday, 9:30 a.m. to 4:30 p.m. You will deliberate at your pace, you decide how much time it takes you to fairly and impartially consider the charge that you will be presented on the verdict form. There is a place on the form where you need to decide guilty or not guilty as to the defendant and there will be some places where you may have to fill in your findings on amounts of drugs involved in the event that you find the defendant guilty of an offense.

During the course of that time, we will convene each day at 9:30 a.m. and close at 4:30 p.m. I won't reconvene in the courtroom with everyone present unless I have a note from you that I need to respond to. Most of the time, you will be able to begin your deliberations here and then stop at 4:30 p.m. You cannot, however, have any deliberation whatsoever or any discussion of the case unless all twelve of you are present. Nor may you discuss this case anywhere except in the jury room in the presence of all your fellow jurors. You can't have any separate discussion or deliberations unless all twelve are present. Once all twelve are present, then your foreperson can say, we can begin the discussions. And at the end of the day when your foreperson says you're going to stop for the day, again, you can't have any discussion unless all twelve of you are present.

As I said, during the time of your deliberations, if I have a note from you, I'll respond, but I will give counsel an opportunity to comment on what my response will be before I respond. So

-53-

sometimes there may be some delay in responding to your note until I get all counsel here and

have a hearing on what I should say to you because they're entitled to know what I am going to

say.

**JURY INSTRUCTION NO. 45**

**ALTERNATE JURORS**

Ladies and gentlemen, as you recall, three of you have been designated as alternates and in a moment I will excuse jurors in seats numbered six, eight, and nine, and I thank you for your participation in this trial. While you alternate jurors will not begin deliberations with the 12 regular jurors, it is possible that one or more of you could be recalled to deliberate at some future time. Because that possibility exists, you are instructed that you should continue to follow my instruction not to discuss this case with anyone at any time. The court will notify you when the jury has completed its deliberations. When that occurs, your jury service will be discharged and at that time you will be given further instructions regarding your ability to talk about this case.

-55-

## JURY INSTRUCTION NO. 46

### TAKING THE VERDICT

I would like to talk about one other subject now, and that is when you return to the courtroom with your verdict, the foreperson will bring the verdict form into the courtroom with you. The marshal, when I ask for it, will take the verdict form from the foreperson and hand it to the deputy clerk. The deputy clerk will then do what we call publish the verdict. The deputy clerk will read out loud the verdict that you have entered. Now, I gave you an instruction in here that you can return a verdict as to the defendant if you decide you want to return a verdict, so long as it is unanimous. It's up to you how you want to go through that. But at any point when you have returned a verdict, either full or partial, the verdict would be announced in open court by the deputy clerk reading it. At that point, just so you know how it works, the clerk will say to the foreman, is that the verdict as just announced?

Any party can ask that the jury be polled on the verdict as just announced. If there is a request for a poll, I then direct the clerk to poll the jury. The clerk then says, do each of you agree with the verdict as just announced and will say Juror Number 1. We just go all down the line until all twelve jurors have been polled. If anyone says no, my job is easy. We don't have a unanimous verdict and I ask you to retire to the jury room and come back when you have a unanimous verdict. That's all polling the jury is, though, just so you know how the process works when you come back. Let me see counsel at the bench now to see if there are any other matters we need to cover.

-56-