UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 05-CR-316 (ESH) |
| | : | |
| JAIME MICOLTA HURTADO | : | |
| | : | |
| *Defendant.* | : | |

## MOTION FOR RETURN OF PROPERTY AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Jaime Micolta Hurtado, by and through undersigned counsel, respectfully moves this Honorable Court to Order the government to return property seized upon his arrest. In support of this Motion, Mr. Micolta states as follows:

1. On May 16, 2006, federal law enforcement agents arrested Mr. Micolta at his apartment in Downey, California. The agents searched his apartment and seized various items, including several identification documents (driver's license, passport, etc.), several cellular telephones and his motor vehicle.

2. This case was tried to a jury, which acquitted Mr. Micolta of the one count charged in the indictment. Since the acquittal. Counsel has inquired twice of the government about the return of Mr. Micolta's property. As of the date of this motion, the government has not responded to the requests.

**ARGUMENT**

The general rule is that seized property, other than contraband, should be returned to the rightful owner after criminal proceedings have terminated. *See Sovereign News Company v. United States*, 690 F.2d 569, 577 (6th Cir. 1982), *cert. denied*, 464 U.S. 814 (1983). *See also United States v. Wilson*, 540 F.2d 1100, 1103-04 (D.C. Cir. 1976) ("the district court, once its need for the property has terminated, [which] has both the jurisdiction and the duty to return the contested property ... regardless and independently of the validity or invalidity of the underlying search and seizure"). In Mr. Micolta's case, the criminal proceedings have terminated and, accordingly, his property should be returned.

"[W]hen the property in question is no longer needed for evidentiary purposes, either because trial is complete, the defendant has pleaded guilty, or . . . the government has abandoned its investigation, the burden of proof changes. The person from whom the property is seized is presumed to have a right to its return, and the government has the burden of demonstrating that it has a legitimate reason to retain the property. ... In such a case, the legality of the search and seizure is no longer an issue; even if the seizure was lawful the government must justify its continued possession of the property by demonstrating that it is contraband or subject to forfeiture." *United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987).

Thus, in Mr. Micolta's case, he is presumptively entitled to the return of his property unless the government can demonstrate to the Court that the property was either contraband or subject to forfeiture, a burden it cannot meet on the facts of this case.

**WHEREFORE**, for the foregoing reasons and any other that may become apparent to the Court, Mr. Micolta respectfully requests that this motion be **GRANTED**.

Dated: Washington, DC
      July 31, 2008                                   Respectfully submitted,

                                              **LAW OFFICE OF A. EDUARDO BALAREZO**

                                                /s/

                                      _____
                                      A. Eduardo Balarezo (D.C. Bar No. 462659)
                                      400 Fifth Street, N.W.
                                      Suite 300
                                      Washington, D.C. 20001
                                      (202) 639-0999 (tel)
                                      (202) 639-0899 (fax)

                                      *Attorney for Jaime Micolta Hurtado*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31ST day of July 2008 I caused a true and correct copy of the foregoing Defendant's Motion for Return of Property to be delivered to the Parties in this case via Electronic Case Filing.

/s/

_____
A. Eduardo Balarezo